02-22032

UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA

LUCRECIA ESTEVEZ,

Plaintiff

v.                                                          CIVIL ACTION NO.

EDUCATIONAL COMMISSION FOR                                  JURY DEMAND
FOREIGN MEDICAL GRADUATES,

Defendant.

_____/

## COMPLAINT FOR DAMAGES AND FOR EQUITABLE RELIEF AGAINST DEFENDANT'S ARBITRARY AND CAPRICIOUS ACTIONS AND VIOLATIONS OF PLAINTIFFS DUE PROCESS RIGHTS AND TO SET ASIDE DEFENDANT'S DENIAL OF PLAINTIFF'S RIGHT TO TAKE THE REMAINING UNITED STATES MEDICAL LICENSING EXAMS REQUIRED SO THAT SHE CAN BECOME A PRACTICING PHYSICIAN IN THE UNITED STATES OF AMERICA

COMES NOW  Plaintiff, LUCRECIA ESTEVEZ by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and sues Defendant EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (hereinafter "ECFMG") and states:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, as the amount in controversy exceeds $75,000.00 and the matters complained of arise between citizens of different states.

2.      This Court has supplemental jurisdiction over any state law claims pleaded hereunder, pursuant to 28 U.S.C. 1367.

3.      By virtue of jurisdiction conferred on this Court pursuant to 28 U.S.C. 1332, and

1367, this Court also has equitable powers to hear any claims sounding in equity set forth hereunder.

4. The Southern District of Florida is the appropriate venue because Plaintiff resides in Dade County, Florida and is a resident in this District in which the causes of action resulting from Defendants' improper and wrongful conduct have occurred and continue to adversely affect Plaintiff in this District.

## NATURE OF CLAIMS

5. This is an action seeking damages in excess of $75,000.00 and for equitable relief based on the Defendant's wrongful actions taken against the Plaintiff, as well as to set aside an administrative proceeding which violated Plaintiff's substantive and procedural due process rights.

6. All conditions precedent to the filing this action have occurred.

## PARTIES

7. Plaintiff , LUCRECIA ESTEVEZ, is an individual over the age of eighteen who resides in Miami-Dade County, Florida, and who is otherwise *sui juris*.

8. Defendant, ECFMG, is a Pennsylvania Corporation and is a private company that issues credentials to foreign medical students after they have completed their medical education.  Once those credentials are issued, foreign medical school students can take the required medical examinations that certify them to practice medicine in the United States.

## GENERAL ALLEGATIONS

-2-

9. Plaintiff, Lucrecia Estevez (Estevez), was graduated from the Universidad Central del Este (UCE), a medical school in the Dominican Republic, in 1998.

10. In February, 1998, Estevez applied to the Defendant, i.e. Educational Commission for Foreign Medical Graduates (ECFMG) for Certification in order to be able to take her remaining United States Medical Licensing Examination(s) (USMLE), the recognized required action for graduates of foreign medical schools to become a licensed physician in the United States of America.

11. ECFMG is a private organization which , through its program of certification, assesses whether international medical graduates are ready to enter residency or fellowship programs in the United States.

12. ECFMG certification is one  of the eligibility requirements to take the three step testing process through the United States Medical Licensing Examination (USMLE). The three step testing is Basic Sciences, Clinical Sciences and Clinical Assessment. Most states in the United States,  including Florida, also require foreign medical graduates to have  the ECFMG certification to obtain a license to practice medicine.

13. On or about June 9-10, 1998, Estevez took the USMLE Step 1 Basic Science Exam. She felt positive about her results on this fist step of the exam process.  Thereafter, ECFMG communicated with Estevez that it was unable to independently verify Estevez' Medical School diploma, which had been issued on or about February 24, 1998, by Universidad Central del Este, (UCE).

14. Notwithstanding voluminous documents, including diplomas, degrees, affidavits, certifications, and transcripts, attesting to Estevez' attendance and completion of the

-3-

Medical Curriculum at UCE, ECFMG improperly, arbitrarily and wrongfully determined that Estevez would not receive its approval to take her additional medical exams. The diploma issued directly to the client was verified to be the authentic signatures thereon by the verification agency CONES in the Dominican Republic (Consejo Nacional de Educacion Superior/English Translation: The National Counsel of Superior Education) See attached copy of verification and degree of medicine marked as Composite Exhibit "A".

15.     ECFMG then took action to bar Estevez from certification and admission to further USMLE examinations for an indefinite period of time. In addition, it refused to report the score to Plaintiff which she achieved on the Step 1 portion of the USMLE Science exam, and ECFMG also notified the USMLE Committee on Irregular Behavior of its recommendation which was to bar Plaintiff's taking of the examination indefinitely.

16.     At a hearing, ECFMG designated three (3) individuals who were selected from ECFMG's Board of Trustees to determine whether or not Plaintiff's appeal would be decided favorably to the Plaintiff so that she could complete her medical school examinations with USMLE and become appropriately credentialed and certified to practice medicine.

17.     The USMLE Committee on Irregular Behavior conducted an independent review and ultimately determined Estevez had engaged in <u>possible</u> (emphasis added) irregular behavior, but recommended that Estevez be barred from her taking the remaining Medical Board Exams through the USMLE for a **one (1) year period**. This finding was made by USMLE on January 27, 1999.

-4-

18.     Estevez enrolled in a second medical school, Central American Health Science University (CAHSU) and successfully completed the portion of her medical curriculum (approximately 25% of her clinical work and studies which were lost or misplaced by the first Medical School, UCE), with Honors grades in a number of the courses which UCE had reported to ECFMG as failed.

19.     Estevez then re-applied to ECFMG to obtain Certification and credentials so that she could take the USMLE administered exam.

20.     Again, despite verifying Estevez' diploma and other credentials  and without the benefit of a full hearing on the matter, ECFMG decided to bar Estevez from taking the remaining exams administrated by USMLE, for an unreasonably, lengthy and arbitrary  period of time:  **ten (10) years or until 2011.**

## SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATIONS RELATIVE TO THE ABSENCE OF LAWFUL AND FAIR APPELLATE PROCEDURES WHICH ON THEIR FACE VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS

21.     Estevez appealed that decision to the ECFMG Review Committee, pursuant to the ECFMG Rules of Appellate Procedure, as adopted by the ECFMG Board of Trustees. The subject  Rules of Appellate Procedure are legally deficient in that they do not cover nor provide for a variety of rights and remedies which should be legally required at a minimum by administrative agencies who must satisfy and provide basic due process rights to applicants seeking similar certifications or credentials as did the Plaintiff.  At the appeals hearing conducted on May 22, 2002, a number of additional

-5-

individuals from ECFMG attended that hearing and grilled Ms. Estevez asking her numerous questions, all of which she answered directly and honestly. Prior thereto, ECFMG withheld and refused to produce all of its documents and records Estevez and her Counsel had requested on separate occasions verbally and in writing. Furthermore, at the subject hearing, no documents were introduced by ECFMG's General Counsel, nor ECFMG's private/outside counsel, both of whom attended and participated in questions directed to the Plaintiff at the hearing. No witnesses were called to testify on behalf of ECFMG, and the hearing transcript does not reflect a scintilla of evidence submitted by ECFMG as to the reason and/or the basis for ECFMG's denial of Plaintiff's appeal. This arrogance continued when the general counsel and Vice President of ECFMG wrote the Plaintiff a letter that made no attempt whatsoever to explore or give reasons why the appeal had been rejected. Attached hereto and made a part hereof as Exhibit "B" is ECFMG's General Counsel's/Vice President's letter denying Plaintiff's appeal. This action was beyond belief since ECFMG's appellate process effectively violated Plaintiff's due process rights and caused among other things, the following:

a.     She is in debt to the extent of more than one hundred thousand dollars ($100,000.00) to her student loan lender, EDUCAID;

b.     She has excelled in every area of her medical school education achieving honors grades _ (90 or better) in approximately ten (10) to twelve (12) of her medical school courses including courses that UCE had said she failed or had not taken.

22. ECFMG's appellate rules provide an excellent example of the complete absence of due process afforded Plaintiff after she had completed a successful medical school education and had received nothing but compliments and praise from those doctors she interned or sub-interned for, and the ten to twelve exceptional grades she achieved in the subjects in which she excelled with Honors Grades therein. (Attached as Composite Exhibit "C " are Dr. James McCabe's and Dr. Modavi's Affidavits).

22. The most flagrant violations of due process are reflected by ECFMG's Appellate Rules. The ECFMG Rules of Appellate Procedure are ineffective and legally deficient in a number of significant areas . These rules lack even the appearance of impartiality and do not provide procedural and/or substantive due process rights or protections to the applicant. (See Appellate Rules of ECFMG attached as Composite Exhibit "D")

23. Pursuant to the Rules, an applicant must file a "Notice of Review" within thirty days of receipt from ECFMG of written ineligibility for certification, to begin the appeal process.  Then the President of ECFMG, or his designate, reviews the notice of appeal to determine its sufficiency. This person may be the same party who rendered the decision which is being appealed.  This party also determines whether to grant an oral or written hearing, Clearly, the practice of having the same party acting in these potentially adverse capacities presents conflicts and impairs the applicant's right to a fair and impartial review of the decision being appealed.

24. Next, assuming the Notice of Appeal is acceptable to the President of ECFMG or his designate, the Chairman of the Board of Trustees of ECFMG appoints a Review

Committee. This committee must have a minimum of three people, one of whom must be on the Board of Trustees of ECFMG. Members of the executive staff of ECFMG, including the President, may be appointed to the Review Committee. The Review Committee appoints its own Chairman who must be a member of the Board of Trustees of ECFMG. Again, the same inherent conflicts are present in this procedure. The relationship of all parties involved at ECFMG is so incestuous, as to make any truly fair review an impossibility.

25.   The ECFMG Appellate Rules expressly state that all hearings shall be conducted in a fair and impartial manner. However, the Rules themselves evidence a distinct lack of impartiality. For example, the Rules provide that at the hearing it may consider any evidence *it* deems appropriate; the applicant has no right to be present at a written hearing, but may be present at an oral hearing . Of course, the determination of whether a hearing should be written or oral is within the sole discretion of the President or his designate--- again quite possibly the same person who rendered the original decision.

26.   An applicant may have counsel present at an oral hearing but counsel may not participate. In this case, Estevez' counsel was permitted to participate minimally, at an oral hearing. He was given an unreasonably short period of time within which to present his client's case, and most of the hearing time was taken up by extensive and repetitive cross examination of the Plaintiff. Such a procedure is not an appellate procedure but is simply an evidentiary hearing in the nature of a "star chamber" proceeding.

-8-

27.     Any member of the Board of Trustees and ECFMG legal counsel may be present at the hearing, may bring to the attention of the Committee any matters it deems appropriate and may examine the applicant and any witnesses. Ostensibly, however they shall not participate in any vote. In this case, no less than 8 members of ECFMG were present, along with ECFMG's in-house, outside counsel, the Executive Director of the agency, the three designated members and others. At the conclusion of the hearing, all of those present remained in the room after the applicant and her counsel departed, presumably to participate in whatever deliberations took place before the apparently "inevitable" decision was reached. How could there be a fair and impartial hearing under such circumstances!!

29.     All of those who stayed had asked questions of Ms. Estevez, but she was not permitted to ask questions of the Credentials Committee. Indeed, ECFMG in no way presented any substantiation for its decision to bar her from certification, for a ten year period. As the applicant, she was not permitted access to any of ECFMG's records which were clearly relevant to and/or probative of Ms. Estevez' position, nor was she provided with any reasons why her appeal was rejected. (See letter from ECFMG Counsel previously provided as Exhibit "B")

30.     According to the Rules, an applicant has the burden to prove his eligibility for certification. However, an applicant can never meet this burden if he/or she is denied access to relevant information and is even denied access to knowledge of the facts supporting the credential committee's decision and the reasoning it applied in reaching its decision. All Estevez ever received was a letter stating that her file had been reviewed and it was determined that she should be barred from certification until,

incredibly 2011.

31.    The ECFMG Rules of Appellate Procedure provide that the Findings of the committee shall be set forth in writing.   Again, all Estevez received was a letter stating that the Review Committee determined her appeal should be denied.   It is fundamental in administrative law that an agency such as ECFMG must examine the relevant data and articulate a satisfactory explanation for its actions.   The ECFMG Rules of Appellate Procedure contain no safeguards to ensure such a process. Indeed, ECFMG did not do this, either when rendering its original decision or in rendering its decision on the appeal.   Even when faced with very clear evidence demonstrating the lack of veracity of UCE's  allegations (whatever they were), ECFMG failed to articulate any explanation for its outrageous and unreasonable bar.

32.    The ECFMG Rules of Appellate Procedure are nothing more than a collection of self-serving Rules promulgated by an organization intent on rubber-stamping  its own decisions,  without regard to the rights of any applicant.   In comparison to Rules of other administrative agencies, these Rules provide no opportunity for an applicant to adequately defend him or herself and provide no mechanism by which to safeguard the neutrality/impartiality of the decision- maker.

33.    Aside from the above, the treatment of the Plaintiff in this proceeding was outrageous particularly in that she had excelled in her medical school curriculum (i.e., Honors Grades in ten to twelve of her courses (as testified to by the Dean of the second medical school she attended) and her exceptional evaluation, in the field.   The Defendant's arrogance was further evidenced when it supplied no reasons whatsoever as a basis of its decision; the Defendant's appellate rules which are unfair and anything

but fair and impartial in allowing it to select and control the appellate process based on those rules; and the skewed results herein which have clearly trampled on our client's rights without according her the courtesy of any specific reasons for the punitive result speaks volumes to the lack of fairness in the process. Accordingly the following relief is requested:

a.   A setting aside of the Defendant's denial of the Plaintiff's appeal as being unreasonable, capricious, arbitrary and without any factual basis.  In this regard, no reasons whatsoever are set forth in the written letter from ECFMG's Vice President and in-house counsel.  (See Exhibit "B");

b.   An award of damages in excess of one hundred thousand dollars ($100,000.00) based on the amounts of money the Plaintiff expended through EDUCAID, which at all times received positive reports from U.C.E. (See Affidavit of Tera Kolvenbach attached hereto as Exhibit "E "). See testimony attached hereto of Plaintiff's witness Dr. Modavi, who indicated that Plaintiff had Honors grades in 10 to 12 courses she took at CAHSU, and even a letter from one of the first schools (UCE) professors that gave her a high grade in the course that she took and was reported by a UCE administrator as having failed or not taken.  (See letter from Dr. Miguel Polnio Reyes marked as Exhibit "F").

c.   Equitable Relief including but not limited to damages caused by the denial of Plaintiff's appeal and the delays caused Plaintiff, as well as expenses and damages relative thereto.

-11-

Signed this _10th_ day of _July_ 2002.

> Jerome H. Shevin, P.A.
> Levey, Airan, Brownstein, Shevin, et al.
> Attorneys for the Plaintiff
> Gables One Tower, Penthouse
> 1320 S. Dixie Highway
> Miami, Florida 33146
> Telephone: (305) 661-6664
>
> By: _____
> Jerome H. Shevin
> FBN: 097952

C:\WP51\1186\002\pldg\Complaint.wpd



# Universidad Central del Este

Fundada el 15 de Octubre de 1970

SAN PEDRO DE MACORIS, REPUBLICA DOMINICANA

El Consejo Universitario en virtud de las disposiciones legales vigentes:

Por cuanto:   **Lucrecia Estevez**

ha cursado en la

Facultad de Ciencias de la Salud

de esta Universidad los estudios requeridos y ha sido aprobado en los exámenes correspondientes.

Por tanto, ha venido en otorgarle y le otorga el título de

**Doctor en Medicina**,

Y para que sea notorio y constante le expide el presente Diploma, firmado y sellado en San Pedro de Macorís, República Dominicana, hoy día 24 de Febrero del año 1998.

Dr. José E. Hazim Trappier
EL RECTOR

Dr. Juan A. Silva S.
EL DECANO DE LA FACULTAD

Lic. Piedad Isabel Mejía Mejía
REGISTRADO BAJO EL No. 20870 FOLIO 556
DEL LIBRO DE GRADOS Y TITULOS
El Secretario de la Universidad

ATTACHMENT / EXHIBIT A

  

## DR. FELIX PEGUERO DEL ROSARIO
### COUNSELOR AT LAW - NOTARY PUBLIC
### JUDICIAL INTERPRETER
Las Mercedes No. 214, Zona Colonial, Tel.: 687-6069
Santo Domingo, República Dominicana

**Bilingual translation into:**
**SPANISH, ENGLISH, FRENCH, ITALIAN, PORTUGUES, HOLLAND, GERMAN**
**(Papiamento, Creole, Japonese, etc.)**

Núm. 502/98 (219)

Dr. Felix Peguero del Rosario, Judicial Interpreter, hereby certify, having translated this document originally written in Spanish to the best of my knowledge it has the following version in English language:

PRESIDENCY OF THE DOMINICAN REPUBLIC
The National Council of Superior Education (CONES)

n. 0001203/98.

The National Council of Superior Education (CONES), hereby certifies, the signature on the attestation of degree in the career of medicine, anne – xed, issued in behalf of Dra. Lucrecia Estevez belongs to L;c. Piedad L No- boa Mejia, Secretary General for the Universidad Central del Este (UCE), and it's the same that such individual executes in this kind of instruments.

It has been issued upon request of the interested party, at the city of Santo Domingo de Guzman, N. D., Dominican Republic, on this 25th day of Feb. 1998.

Signed: Alejandrina German M.A.
Secretary of State
Pres. of the National Council
of Superior Education (CONES).

The above translation is true and correct pursuant to its original in Spanish, has been issued upon request of the interested party, at the city of Santo Do – mingo, N. D., Dominican Republic, on this 26th day of Feb. 1998.

Dr. Peguero del Rosario FELIX
Judicial Interpreter



# Presidencia de la República Dominicana

## CONSEJO NACIONAL DE EDUCACION SUPERIOR
## (CONES)

NUMERO: 0001203/98

EL CONSEJO NACIONAL DE EDUCACION SUPERIOR (CONES)

HACE CONSTAR QUE LA FIRMA QUE APARECE EN LA CERTIFICACION DE GRADO DE LA CARRERA DE MEDICINA, ANEXA.

EXPEDIDO A FAVOR DE DR. LUCRECIA ESTEVEZ CORRESPONDE A LICDA. PIEDAD L. NOBOA MEJIA, SECRETARIA GENERAL DE LA UNIVERSIDAD CENTRAL DEL ESTE (UCE), Y ES LA MISMA QUE DICHA PERSONA ACOSTUMBRA USAR EN ESTA CLASE DE DOCUMENTOS.

EXPIDE LA PRESENTE A SOLICITUD DE LA PARTE INTERESADA, EN SANTO DOMINGO DE GUZMAN, DISTRITO NACIONAL, CAPITAL DE LA REPUBLILCA DOMINICANA, A LOS VEINTICINCO (25) DIAS DEL MES DE FEBRERO DEL AÑO MIL NOVECIENTOS NOVENTA Y OCHO (1998).

Sellos de R.I. adheridos

$10.00/$2.00/$0.25

ALEJANDRINA GERMAN M.A.
Secretaria de Estado
Presidenta del Consejo Nacional
de Educación Superior (CONES)

NOTA: Esta Certificación será válida, siempre y cuando no sufra borraduras ni alteraciones en su contenido.



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

PHILADELPHIA OFFICE

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.

TELEPHONE: 215-386-5900 ● FAX: 215-386-9767 ● INTERNET: www.ecfmg.org

Personal and Confidential
Via Federal Express

June 10, 2002

Dr. Lucrecia Teresa Estevez                    USMLE™/ECFMG® Identification No.
3242 Mary Street, PH3-S                         0-597-216-1
Miami, FL 33133

Re: ECFMG Review Committee Decision

Dear Dr. Estevez:

On October 29, 2001, the Educational Commission for Foreign Medical Graduates (ECFMG) Medical Education Credentials Committee reviewed your petition that it specify the duration of its bar of you from admission to all ECFMG examinations and from ECFMG certification. After review, the ECFMG Medical Education Credentials Committee took action to continue to bar you from admission to all ECFMG examinations and from ECFMG certification until October 2011.

On December 12, 2001, you filed a Notice of Appeal of this action. Your appeal was heard on May 22, 2002 in Philadelphia, Pennsylvania, before a Review Committee consisting of Stephen I. Schabel, M.D., Chair, Mr. Thomas C. Gentile, Jr. and Deborah E. Powell, M.D. You requested and made a personal appearance before the Committee accompanied by Jerome H. Shevin, Esq.

The ECFMG Review Committee considered all the information before it, including the material you had provided to the ECFMG Medical Education Credentials Committee, your Notice of Appeal and additional material you submitted, and the statements before the Review Committee, including those of Maurice Modavi, M.D. A copy of the transcript of the proceedings is enclosed.

Based on its review of all information presented to it, the ECFMG Review Committee has determined not to grant your December 12, 2001 appeal of the decision of the ECFMG Medical Education Credentials Committee.

ATTACHMENT / EXHIBIT

*ECFMG® is an organization committed to promoting excellence in international medical education*

Dr. Lucrecia Teresa Estevez
June 10, 2002
Page 2


If you have any questions, please direct your correspondence to me or Mr. William C. Kelly, Manager, Medical Education Credentials Department.


ECFMG REVIEW COMMITTEE

Stephen I. Schabel, M.D.
Mr. Thomas C. Gentile, Jr.
Deborah E. Powell, M.D.


By: _____
    Stephen S. Seeling, J.D.
    Vice President for Operations
    Educational Commission for Foreign
    Medical Graduates
    At the Direction of the ECFMG
    Review Committee


SSS/wck
Enclosure

cc:    Jerome H. Shevin, Esq.

## **AFFIDAVIT**

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared James McCabe, who, upon first being duly sworn, deposes and says as follows:

1.  Lucrecia Estevez was a medical student as a sub-intern during her senior year at Kanakank Hospital in Dillingham, Alaska from December 6, 1999 through January 14, 2000.

2.  During this time she was under my immediate supervision.

3.  She saw patients in a walk-in clinic and in the emergency room setting.  She also followed hospitalized patients and was on first call on the average of every four (4) nights during the rotation.

4.  Lucrecia exhibited highly desirable traits for a medical student/future physician. She is a very amicable person, who had a gentle demeanor with patients and the nursing staff. She got along well with all hospital personnel.

5.  Lucrecia handled uncooperative patients very well in the emergency setting and I observed her cultural sensitivity with patients at all times.

6.  Lucrecia's history and physical examinations were at the expected level for a 4rth year student, at the start of the rotation.  However, she showed steady improvement throughout the rotation.  She was enthusiastic and willing to learn.

7.  Lucrecia gave a presentation to the medical staff on sleep disorders.  The presentation was thorough and informative.

8.  Lucrecia will do well in the field of medicine.  She was an excellent student and I would highly recommend her for any internship and residency. She has gone above and beyond for patient care, and I'm sure she will continue to do so when she becomes a certified physician.

ATTACHMENT / EXHIBIT _____

FURTHER AFFIANT SAYETH NOT

_Kathren Ackerman ev_       _James D. McCabe, Jr._
WITNESS                          James Mc Cabe

Sworn to and subscribed before me this _30_ day of April, 2002, by _James McCabe_ who is personally known to me or who produced a _Alaska_ driver's license as identification.

_Janice Tate_
ALASKA NOTARY PUBLIC

My commission expires: _16 May 2003_

[Notary seal: JANICE TATE, NOTARY PUBLIC, STATE OF ALASKA, My Commission Expires May 16, 2003]

2

## AFFIDAVIT

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments personally appeared Maurice Modavi, who, upon first being duly sworn, deposes and says as follows:

1. That this Affidavit is based upon my personal knowledge.
2. I am the Dean of Central American Health Sciences University, (CAHSU), School of Medicine in Belize, Central America.
3. As such, I have known Lucrecia Estevez for approximately 3 year.  She was graduated from the University in April 2000.
4. CAHSU was established in 1996 and has a good number of graduates who have successfully completed the USMLE and other board examinations in other countries, acquiring residencies in the US as well as UK.
5. I first met Ms. Estevez when she was inquiring about entering our school.  She explained that she had already completed her studies at Universidad Central del Este, (UCE) but that the school had denied all knowledge of her attendance, upon being contacted by ECFMG during a routine verification procedure.
6. From my own experience with ECFMG and its verification procedure, I know them to be fair, thorough and meticulous.  Accordingly, I was very concerned about the response ECFMG had received from Universidad Central del Este.
7. Nonetheless after lengthy discussions with Ms. Estevez I believe she was an innocent victim of some bureaucratic bungle.  This was not the first such occasion that I had heard of students suffering similar fate in a medical school in the Dominican Republic.
8. Official transcripts were requested to be send directly form UCE to CAHSU as a part of our normal verification procedure.
9. Upon receipt's of Ms Extevez official transcript from UCE and comparing UCE's general course schedule and descriptions with that of our won, we reached the decision to give Ms. Estevez a certain number of course credits, based on our evaluation, and required her to take on additional studies to qualify for graduation.
10. Accepting Lucrecia Estevez to our student body proved to be a good decision.  She is bright, hard working and a worthy contribution to all classroom debates.
11. She earned excellent grades on all her examinations and course work.  Interestingly, Lucrecia earned honors grades in many of these courses UCE reported she had not taken or failed.
12. The various attending physicians who supervised her work during clinical rotations were impressed by her knowledge and praised her ability to apply that theoretical knowledge in a clinical setting.  Again, it is interesting to note, these are clinical studies UCE denied Ms. Estevez took or passed.
13. Ms. Estevez went on to complete clinical rotations in Michigan, Alaska and Juarez, Mexico.  She also worked with the president of CAHSU on research into alcohol and drug addiction at a rehabilitation center.
14. Ms. Estevez proved to be an exemplary member of our student body and I believe she will become an asset to any hospital.
15. The unfortunate misunderstanding regarding her grades received at UCE should not prejudice her chances of becoming the excellent doctor I know she will be.

FURTHER AFFIANT SAYETH NOT



_____          _____
WITNESS                                         Maurice Modavi

Sworn to and subscribed before me this 2ND _____ day of ~~April~~ May 2002, by Maurice Modavi, who is personally known to be me or who produced a 13250661 _____ driver's license as identification.

_____
TEXAS NOTARY PUBIC

My commission expires:

CARMEN D. MEDRANO
NOTARY PUBIC
In and for the State of Texas
My commission expires
April 5, 2003

ECFMG

RULES OF APPELLATE PROCEDURE*

A.  Right of Appeal

1.   Any foreign medical graduate who has submitted a
completed application for certification by the Educational
Commission for Foreign Medical Graduates (hereinafter "ECFMG"),
who is found to be ineligible for certification or who has
failed an examination, may appeal such decision to the Review
Committee of ECFMG.

2.   All appeals must be made in accordance with the
procedures set forth in these rules.  The ECFMG shall not be
responsible for the payment of any expense incurred by any
individual in bringing an appeal.

B.  Notice of Appeal

To initiate an appeal, a written notice of appeal
must be submitted to ECFMG within 30 days after written determi-
nation of ineligibility for certification or an examination
failure has been received by the applicant.  This notice must
specify the particular basis (or bases) upon which the appeal
is made, each reason for the appeal, and each fact which supports
the appeal; the notice must also identify each person purportedly
having knowledge of any fact which supports the appeal.

---

*    Adopted by ECFMG Board of Trustees October 27, 1975.



ATTACHMENT / EXHIBIT

## C.  Initial Review

1.  The President of ECFMG, or his designate, shall review each notice of appeal to determine: (a) whether it has been submitted in accordance with the procedures set forth herein; and, (b) whether the appeal states facts which reasonably tend to support a conclusion that the decision appealed from may have been rendered improperly.

2.  If the notice of appeal complies with the procedural requirements and is supported by sufficient facts, the President, or his designate, shall set the appeal for a hearing before the Review Committee.

3.  If the President, or his designate, finds the notice of appeal to be deficient, he shall so advise the appellant in writing, stating the reasons for such a finding.

4.  At least forty-five (45) days prior to the hearing, ECFMG shall provide the appellant with written notice of the hearing.  The notice shall specify whether the hearing will be written or oral and, if oral, the notice shall state the time and place of the hearing and shall list the names of the members of the Review Committee who are scheduled to hear the appeal.  It shall be within the discretion of the President, or his designate, to determine whether the hearing shall be written or oral and, when this decision is made, consideration shall be given to whether the credibility of any individual is likely to be at issue.  The notice shall also state that the applicant may submit in written form no later than five (5) days before the hearing any statement, exhibits, or other matters which he wishes the Review Committee to consider.

-2-

5.   If the appellant is advised that an initial notice of appeal is deficient, he may, within 30 days thereafter, resubmit the original notice in an effort to correct the deficiencies noted.  The resubmission shall be reviewed by the President or his designate in accordance with the standards set forth above for reviewing the original notice of appeal; the decision concerning any resubmission shall be final and the appellant may not appeal from said decision.

6.   The President or his designate may elect to grant any appeal at any time without complying with the provisions of these Rules.

### D.   Review Committee

1.   The members of the Review Committee shall be appointed by the Chairman of the Board of Trustees of ECFMG, as may be necessary, so that there shall be a minimum of three members on the Review Committee, at least one of whom shall be a member of the Board of Trustees.  Members of the executive staff of ECFMG, including the President, may be appointed members of the Review Committee.

2.   The Review Committee shall select its own Chairman, who must be a member of the ECFMG Board of Trustees.

### E.   Hearings

1.   All hearings within the scope of these Rules shall be conducted by three or more members of the Review Committee.  The Committee need not meet more than twice each

-3-

year to conduct hearings.  All hearings shall be conducted in a fair and impartial manner.

2.    At a hearing, the Review Committee may consider materials, data, evidence or other information deemed appropriate by the Committee.

3.    The Committee may have legal counsel present at any stage of the proceedings to advise it on issues of procedure.

4.    The Chairman of the Review Committee, or his designate, shall preside over the hearing and shall rule on all procedural issues.

5.    The applicant shall not have the right to be present or to attend any hearing designated as a "Written Hearing" in the notice of hearing.

6.    The applicant may, if he choses, be present at any hearing designated in the notice of hearing as an "Oral Hearing".  The applicant may have legal counsel present at any such "Oral Hearing", but such counsel may not participate in the hearing.

7.    At any such "Oral Hearing", the testimony of any witnesses shall be taken under oath or affirmation; a transcript of the hearing shall be made; the applicant may, if he wishes, submit for consideration by the Committee any relevant statement, exhibits or other materials not already submitted pursuant to Section C.4 above of these Rules; and, the applicant may examine any witness testifying at the hearing.

8.    Any member of the Board of Trustees of ECFMG and legal counsel for ECFMG may be present at any hearing and may

- 4 -

bring such matters to the attention of the Committee as it may deem appropriate.  In this capacity, any such individual may be allowed an opportunity to examine any witness testifying at the hearing, but he shall not participate in any vote on any matter before the Committee.

9.   The burden is upon the applicant to prove his eligibility for certification or that he should have been awarded a passing grade on any examination.

## F.   Findings

1.   After all parties have been afforded a reasonable opportunity to address the issues before the Committee, the hearing shall close to allow the Committee to determine whether the appeal is to be granted or denied.  The Committee may consult with legal counsel on procedural matters at any time.

2.   If a majority of the Committee members present at the time of its deliberations are satisfied that the appeal should be granted, it shall be granted. If less than a majority of the Committee members are so satisfied, the appeal shall be denied.

3.   The findings of the Committee shall be set forth in writing and mailed to the applicant within sixty (60) days of the hearing.

## G.   Relief

If the appeal is granted, the Committee shall enter an order directing such relief as it may deem appropriate.

-5-

## H.  Finality of Findings

1.  Decisions of the Review Committee are final and binding on both the applicant and ECFMG, unless the ECFMG Board of Trustees decides in its discretion to review the decision of the Committee, in which event the Board of Trustees may make any changes it wishes (or no changes) in the Review Committee's decision.  The applicant, the Review Committee, or ECFMG staff may request in writing that the Board of Trustees review any particular decision, but it shall be within the discretion of the Board whether to grant any such review.

2.  An applicant may petition ECFMG for a rehearing, but only on the basis of the discovery of evidence which was not known by the applicant, and which could not have been discovered by the exercise of due diligence at the time of the hearing before the Review Committee.  ECFMG shall have the discretionary power to grant or deny such a petition for rehearing.

## AFFIDAVIT

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take

acknowledgments, personally appeared Tera Kolvenbach, as representative of

EDUCAID, who, upon first being duly sworn, deposes and says as follows:

1. That this affidavit is based upon my knowledge as representative of EDUCAID;

2. That EDUCAID has provided loans to Lucrecia Estevez, Social Security Number:
   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, Date of Birth: 11/23/56. The total original principal balance of the
   loans issued during the time period January 1994 to August 1997 was $89,000.00;

3. These monies were funded each semester in 1994, 1995; 1996 and 1997 to Ms.
   Estevez and the Universidad Central del Este, upon receipt of a certification at the
   beginning of each school year from the school, of Ms. Estevez' attendance and
   satisfactory progress. The Universidad Central del Este issued four (4) such
   certifications to EDUCAID, one in each of the 1994, 1995, 1996 and 1997 school
   years; and

4. If Universidad Central del Este had not provided certification of Ms. Estevez
   enrollment and eligibility for financial aid in 1994, 1995, 1996 and 1997, EDUCAID
   would not have advanced funds for her in each such school year to continue her
   medical education at the above medical school.

ATTACHMENT / EXHIBIT

FURTHER AFFIANT SAYETH NOT



_____          _Tera Kolvenbach_

WITNESS                           Tera Kolvenbach, as representative of EDUCAID

Sworn to and subscribed before me this _24th_ day of April, 2002, by _Tera Kolvenbach_ as representative of EDUCAID, who is personally known to me or who produced a California driver's license as identification.

                                  _L. Ervin_

                                  CALIFORNIA NOTARY PUBLIC

My commission expires: _4-10-04_

```
L. ERVIN
COMM. # 1260378
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
COMM. EXP. APRIL 10, 2004
```



República Dominicana

# *Secretaria de Estado de Salud Pública y Asistencia Social*

## HOSPITAL REGIONAL "DR. ANTONIO MUSA"

### *San Pedro de Macorís, República Dominicana*

San Pedro de Macorís, R.D.
Marzo 21, 2002

To Whom It May Concern:

It is my pleasure to recommend Lucrecia Estevez, who attended my class of Pediatrics and Nosology at Universidad Central del Este, during May-September of 1997 semester. Lucrecia Estevez No. 55538 completed her course successfully with a grade of 85. Ms. Estevez was a very good student, who demonstrated a good knowledge on this subject. She was very punctual and very conscientious.

Lucrecia had excellent traits for a medical student- future physician. She got along very well with the patients, the hospital staff as well as her classmates.

I am happy to recommend Ms. Lucrecia Estevez for any training or residency opportunity you may have. I am sure she will do the utmost to prove to be an asset in the medical field.

Sincerely,

Dr. Miguel Polinio Reyes
Medico-Pediatra
Profesor Pediatría U.C.E.
Coordinador Internado de Pediatría

**UNIVERSIDAD CENTRAL DEL ESTE**
UCE
SAN PEDRO DE MACORIS, REP. DOM. TEL.

| MATRICULA | 055535 |
|---|---|
| APELLIDOS | PIERRE Y VIERA |
| NOMBRES | PATRICIA TERESA |
| FACULTAD | CIENCIAS DE LA SALUD |
| ESCUELA | MEDICINA |
| SEG. SOCIAL/CED. | 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 |

| NACIONALIDAD | AMERICANA |
|---|---|
| FECHA NACIMIENTO | |
| SEXO | FEMENINO |
| INST. PROCEDENCIA | MIAMI-DADE COM. COLLEG |
| FECHA ADMISION | 01/01/94 |
| CLAVE | |

CIUDANA

**<== PRIMER  SEMESTRE ==>>   INDICE = 74**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0101 | MATEMATICA 101 | Ene.94 | CC | 4 | | |
| 0102 | LETRAS 101 | Ene.94 | CC | 3 | | |
| 0103 | QUIMICA 101 | Abr.94 | AP | 4 | | |
| 0104 | BIOLOGIA 101 | Abr.94 | CC | 4 | | |
| 0105 | EMBRIOLOGIA | Dic.94 | AP | 3 | | |

**<== SEGUNDO  SEMESTRE ==>>   INDICE = 63**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0201 | MATEMATICA 102 | Ene.94 | CC | 4 | | |
| 0202 | LETRAS 102 | Ene.94 | CC | 3 | | |
| 0203 | BIOESTADISTICA | Abr.94 | CC | 4 | | |
| 0204 | QUIMICA ORGANICA | Ago.94 | AP | 4 | | |
| 0205 | INT. A LA MET. INV. | | AP | | | |

**<== TERCER  SEMESTRE ==>>   INDICE = 73**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0301 | SOC. Y FILOSOFIA | Abr.94 | AP | 2 | | |
| 0302 | INGLES I | Abr.94 | AP | 2 | | |
| 0303 | ANATOMIA I | Abr.94 | CC | 6 | | |
| 0304 | HISTOLOGIA | Abr.94 | CC | 5 | | |
| 0305 | QUIMICA GRAL. | Ago.94 | CC | 3 | | |
| 0306 | BIOLOGIA MEDICA | | ** | | | |

**<== CUARTO  SEMESTRE ==>>   INDICE = 76**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0401 | HISTORIA SOC. DOM. | Sep.94 | AP | 2 | | |
| 0402 | INGLES II | Abr.94 | AP | 2 | | |
| 0403 | ANATOMIA II | Abr.94 | CC | 6 | | |
| 0404 | FISIOLOGIA GRAL. | Ago.94 | CC | 5 | | |
| 0405 | BIOQUIMICA MEDICA | Ago.94 | CC | 4 | | |
| 0406 | HISTORIA MEDICINA | | ** | 2 | | |

**<== QUINTO  SEMESTRE ==>>   INDICE = 73**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0501 | BIOQUIMICA I | Ago.94 | AP | | | |
| 0502 | FISIOLOGIA | Ago.94 | CC | | | |
| 0503 | MICROBIOLOGIA I | Abr.94 | CC | | | |
| 0504 | NEUROANATOMIA | Abr.94 | CC | | | |
| 0505 | PATOLOGIA | Ago.94 | AP | | | |
| 0506 | MEDICINA LEGAL | | AP | | | |

**<== SEXTO  SEMESTRE ==>>   INDICE = 78**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0601 | BIOQUIMICA II | Dic.94 | AP | | | |
| 0602 | FISIOLOGIA II | | | | | |
| 0603 | PARASITOLOGIA | | | | | |
| 0604 | MICROBIOLOGIA II | | | | | |
| 0605 | PATOLOGIA II | | | | | |
| 0606 | NUTRICION | | | | | |

**<== SEPTIMO  SEMESTRE ==>>   INDICE = 73**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0701 | ANATOMIA PATOLOG. | | | | | |
| 0702 | FARMACOLOGIA | | | | | |
| 0703 | HEMATOLOGIA | | | | | |
| 0704 | SEMIOLOGIA | | | | | |
| 0705 | PAT. QUIRURGICA | | | | | |
| 0706 | RADIOLOGIA | | | | | |

**<== OCTAVO  SEMESTRE ==>>   INDICE = 79**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0801 | ANATOMIA PATOLOG. II | Dic. | AP | 4 | | |
| 0802 | FARMACOLOGIA II | | AP | | | |
| 0803 | HEMATOLOGIA | | AP | | | |
| 0804 | UROLOGIA | | AP | | | |
| 0805 | GASTROENTEROLOGIA | | AP | | | |
| 0806 | MED. QUIRURGICA | | AP | | | |
| 0807 | DERMA Y VENEROL. | Ago.95 | AP | | | |

**<== NOVENO  SEMESTRE ==>>   INDICE = 80**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 0901 | CARDIOLOGIA | Dic.95 | AP | | | |
| 0902 | PSIQUIATRIA | Dic.95 | AP | | | |
| 0903 | NEUMOLOGIA | Dic.95 | AP | | | |
| 0904 | NEUROLOGIA | Dic.95 | AP | | | |
| 0905 | PAT. QUIRURGICA II | Dic.95 | AP | | | |
| 0906 | CIRUGIA PLASTICA | Dic.95 | AP | | | |
| 0907 | ENDOCRINOLOGIA | Dic.95 | AP | | | |

**<== DECIMO  SEMESTRE ==>>   INDICE = 85**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 1001 | ANESTESIOLOGIA | Abr. | AP | | | |
| 1002 | CIRUGIA CARDIOVASC. | Abr. | AP | 2 | | |
| 1003 | PEDIATRIA | Abr. | AP | | | |
| 1004 | PEDIATRIA II | Abr. | AP | | | |
| 1005 | MEDICINA | Abr. | AP | | | |
| 1006 | GINECOLOGIA | Abr. | AP | | | |
| 1007 | REUMATOLOGIA | Abr. | AP | | | |
| 1008 | OFTALMOLOGIA | Abr. | AP | | | |
| 1009 | OTORRINOLARING. | Abr. | AP | | | |

**<== UNDECIMO  SEMESTRE ==>>   INDICE = 47**

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 1101 | GINECOLOGIA | Ago.97 | *** | | | |
| 1102 | PROCTOLOGIA | Ago.97 | *** | | | |
| 1103 | ENDOSCOPIA | | *** | | | |
| 1104 | HISTORIA MEDICA | | *** | | | |
| 1105 | CLIN. PSIQUIATRICA | | ***** | | | |
| 1106 | | | ***** | | | |
| 1108 | UROLOGIA. CLINICA | | ** | | | |
| 1109 | RADIOLOG. CLINICA | | ** | | | |

**<== DUODECIMO  SEMESTRE ==>>   INDICE = **

| CODIGO | NOMBRE DE ASIGNATURA | FECHA | NOTA | CRED | CR/AP | SMS |
|---|---|---|---|---|---|---|
| 1201 | CIRUGIA | | *** | | | |
| 1202 | MED. INTERNA "RH" | | *** | | | |
| 1203 | GINECO-OBSTET. RU | | *** | | | |
| 1204 | PEDIATRIA RU | | *** | | | |
| 1206 | TESIS | | ** | | | |

**INDICE GENERAL:** 73

**DESCRIPCION DE SIMBOLOS**

| | |
|---|---|
| AP | APROBADA |
| CF | APROBACION CONFIRMADA |
| CP | CONVALIDACION PROVISIONAL |
| CA | CURSANDO ACTUALMENTE |
| RE | REPROBADA |
| NC | NO CURSADA |
| CR | CONVALIDA LA ASIGNATURA |
| CRAP | CREDITOS APROBADOS |
| AUS | AUSENTE |
| CS | CREDITOS DEL SEMESTRE |
| EX | EXONERADA |

**NOTA(S): A)-** Esta Transcripcion es valida solo si lleve la firma autentica del Director de Registro, el sello seco de la Universidad en alto y bajo relieve y el sello impreso.

**B)-**   ENTREGADO 3 0 MAR 1999

**NOTA:** Para la ratificación de esta transcripción deberá enviarse fotostática de la misma a la RECTORIA.

**NOTA GENERAL.-**Con la Res. #04/92 del consejo Superior Universitario es modifica la Estructura Acade mica Administrativa para esta facultad de la siguiente manera: FACULTAD: CIENCIAS DE LA SALUD DEPARTAMENTO: MEDICINA   CARRERA: MEDICINA

DRA. TANIA A. ACHA... GUERRERO

REGISTRO

UCE-DR-006

JS 44
(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I. (a) PLAINTIFFS

Lucrecia Estevez

## DEFENDANTS

## 02-22032

Educational Commission for Foreign Medical Graduates

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Philadelphia, P.A.
(IN U S PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dkt. 02CV22032/Pch/Turnoff

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
Jerome H. Shevin, Esquire
1320 S. Dixie Hwy, Penthouse 1275
Coral Gables, Florida 33146

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
TURNOFF

**(d)** CIRCLE COUNTY WHERE ACTION AROSE   DADE, MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question (U S Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒1 Original Proceeding
- ☐2 Removed from State Court
- ☐3 Remanded from Appellate Court
- ☐4 Reinstated or Reopened
- ☐5 Transferred from another district (specify)
- ☐6 Multidistrict Litigation
- ☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | | ☐ 890 Other Statutory Actions A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332 – Action for equitable relief based on the Defendant's wrongful action taken against the Plaintiff as well as to set aside an administrative proceeding which violated Plaintiff's substantive and procedural due process rights.

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FR C P 23

DEMAND $  Over $75,000.00

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  7/10/02

SIGNATURE OF ATTORNEY OF RECORD   Jerome H. Shevin

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____

$150.00   865791

07/11/02