UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK/TURNOFF

LUCRECIA ESTEVEZ,

      Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

      Defendant.
_____/

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Plaintiff, LUCRECIA ESTEVEZ, by and through her undersigned attorney, and hereby files her Reply Memorandum to Defendant's Motion to Dismiss and Incorporated Memorandum of Law of Defendant EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (a/k/a ECFMG), and as grounds therefore states:

1. The Defendant's Motion to Dismiss is without merit. The Plaintiff is a resident in the Southern District of Florida as well as a citizen of the United States.

2. The subject Motion to Dismiss fails to set forth the following facts which will become evident as this lawsuit progresses:

    a. Factually the Defendant "ECFMG" is much more than a "Pennsylvania Corporation" as set forth in Defendant's Motion to Dismiss and incorporated Memorandum of Law, and receives policy guidance from, and is currently administered through the United States Information Agency, (a/k/a the Agency), which is in consultation with the Secretary of Health and Human Services as it

CASE NO. 02-22032-CIV-HUCK/TURNOFF

relates to ECFMG.

    a. According to the undersigned's knowledge and belief, the aforedescribed Agency (USIA) was established by as an agency under the Department of State.

3. The Complaint properly states a claim for violation of Plaintiff's due process rights. Defendant's claim of a "non-existent" cause of action is without merit. Due process is required where, as here, the Defendant acts as a public entity. The Defendant ECFMG acts as the federal governmental administrative agency for review and administration of foreign medical graduates through its agreement with the United States Information Agency and the Secretary of Health and Human Services under 22 CFR Part 514. As such, it is a public entity for purposes of the Fourteenth Amendment and the requirements of due process. The nature of its powers, the basis of its creation and its existence are evidence of its public character. See, <u>Brentwood Academy v. Tennessee Secondary School Athletic Association</u>, 531 U.S. 288 (2001) (character of entity as public or private for purposes of "state action" and following requisite due process requirements is a <u>factual</u> inquiry; a relationship with the United States government could support the conclusion that an ostensibly private organization will be considered public and judged by constitutional standards.) Further, by its own standards, Defendant affords an appeals review process and thus must follow due process procedures as outlined by the courts, which it has failed to do as alleged in the Complaint and as Plaintiff will prove at trial.

4. The case cited by Defendant, <u>Davis v. Prudential Securities, Inc.</u>, 59 F. 3d 1186 (11th Cir. 1995), is not applicable. In <u>Davis</u>, the plaintiff was a private investor suing his brokerage firm over decisions of an arbitration panel. The contractually agreed to arbitration provision between two

CASE NO. 02-22032-CIV-HUCK/TURNOFF

private parties did not involve any public entity nor right. In this case, however, Defendant is the regulatory body empowered by the United States government to review credentials of foreign medical graduates and administer exchange programs. See 22 CFR 514 (1999), attached hereto as Exhibit "A." "ECFMG administration of these programs is conducted in conformance with the program and policy guidance of the USIA, which in turn is developed in consultation with the Secretary of Health and Human Services." Id. Defendant ECFMG is granted its power through the Federal government and clearly acts as a governmental body thereby requiring it to afford Plaintiff due process. As properly alleged in the Complaint, Plaintiff's due process rights were denied to her, giving rise to the instant action which clearly states a cause of action against ECFMG in this Honorable Court.

WHEREFORE, Plaintiff respectfully requests that the Motion to Dismiss be denied.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 24th day of December, 2002, to: : Hinda Klein, CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A., 3440 Hollywood Boulevard, Second Floor, Hollywood, Florida 33021.

> Jerome H. Shevin, P.A.
> Levey, Airan, Brownstein, Shevin, et al.
> Attorneys for the Plaintiff
> Gables One Tower, Penthouse
> 1320 S. Dixie Highway
> Miami, Florida 33146
> Telephone: (305) 661-6664
>
> By: _____
> Jerome H. Shevin
> FBN: 097952

1999 WL 437778 (F.R.)

RULES and REGULATIONS

UNITED STATES INFORMATION AGENCY

22 CFR Part 514

Exchange Visitor Program

Wednesday, June 30, 1999

*34982 AGENCY: United States Information Agency.

ACTION: Statement of policy

SUMMARY: The Agency hereby announces its police regarding various program administration issues arising from the pursuit of graduate medical education or training in the United States by foreign medical graduates under the aegis of the Exchange Visitor Program.

EFFECTIVE DATE: This policy statement is effective June 30, 1999.

FOR FURTHER INFORMATION CONTACT: Stanley S. Colvin, Assistant General Counsel, United States Information Agency, 301 4th Street, S.W., Washington, DC 20547; telephone, (202) 619-6531.

SUPPLEMENTARY INFORMATION: Since enactment of the Health Care Professions Act, Pub. L. 94-484, USIA has been responsible for the administration and oversight of exchange programs whereby **foreign medical graduates** enter the United States to pursue **graduate** medical eduation or training opportunities at U.S. medical training facilities, most of whom enter the United States to pursue clinical-based medical speciality training. In addition to reviewing the credentials of **foreign medical graduates**, and pursuant to a long-standing agreement, the **Educational Commission for Foreign Medical Graduates** (ECFMG) is responsible for the day to day administration of these exchange programs. ECFMG administration of these programs is conducted in conformance with the program and policy guidance of the USIA, which in turn is developed in consultation with the Secretary of Health and Human *34983 Services. Periodically, program administration issues arise and USIA provides appropriate guidance to the ECFMG on how to address such issues. Recently, five specific questions regarding eligibility for program participation have presented themselves.

A foreign medical graduate seeking to pursue graduate medical education must apply for a residency program in one of the recognized speciality or subspeciality fields of medicine. These residency programs are conducted by the various teaching hospitals and medical facilities located throughout the United States. Because such residency programs require the performance of clinical care of patients, the individual states require that the **foreign medical graduate** be licensed to practice medicine in the particular state. The question of state licensure comes up at both the beginning of a program of **graduate** medical **education** as an eligibility criteria and at the end of a program when the **foreign** medical **graduate** seeks a waiver of the statutorily-imposed two-year home country physical presence requirement. Because the question of who may practice medicine in any jurisdiction is a unique question of local determination, USIA imposes no regulatory requirement regarding state licensure.

A recurring question regarding eligibility for program participation arises from the statutory

Exhibit "A"