UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-22032-CIV-HUCK/Turnoff

LUCRECIA ESTEVEZ,

        Plaintiff,

vs.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

        Defendant.
_____/

FILED by ___ D.C.

DEC 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant, Educational Commission For Foreign Medical Graduates' Motion to Dismiss [DE # 5]. The Court has considered the Motion, the parties' respective legal memoranda and pertinent portions of the file. For the reasons stated below, the Motion is GRANTED with leave to amend.

The Complaint purportedly asserts a claim against the Defendant for violation of Plaintiff's due process rights. While it is not easy to discern the exact nature of Plaintiff's claim from her Complaint, it appears that Plaintiff claims that Defendant violated her substantive and procedural due process rights with respect to Defendant's denial of her rights regarding Defendant's participation in the foreign medical students' credentialing process. Plaintiff claims that Defendant's actions were unreasonable, capricious, arbitrary and without any factual basis and improperly precluded Plaintiff from obtaining a medical license.

In its Motion, Defendant points out that Plaintiff's Complaint specifically alleges that Defendant is a private company and argues that, as a private company, Defendant is not legally

obligated to afford Plaintiff due process. *See Davis v. Prudential Securities, Inc.,* 59 F.3d 1186 (11th Cir. 1995). Thus, Defendant asks that the Complaint be dismissed with prejudice because Plaintiff is unable to state a claim against Defendant.

In response, Plaintiff does not deny that her only allegation as to the Defendant's status is that it is a "private corporation". However, Plaintiff contends that the Complaint should not be dismissed because of "...facts which will become evident as this lawsuit progresses." Plaintiff then recites a number of facts not alleged in her Complaint, but which Plaintiff argues supports her conclusion that Defendant is a state actor, subject to constitutional constraints, including the obligation to provide due process to Plaintiff. Because these additional "facts" are not alleged in the Complaint, this Court may not consider them in determining whether Plaintiff has stated a valid due process claim.

However, the Court believes that the interests of justice require that Plaintiff be given an opportunity to amend her Complaint to the extent that she can do so in good faith. Accordingly, the Motion to Dismiss is GRANTED without prejudice. Plaintiff shall have until January 13, 2002 in which to file an amended complaint should she elect to do so.

DONE in Chambers, Miami, Florida, this December 30th, 2002.

Paul C. Huck
United States District Judge

Copies furnished to:
Jerome H. Shevin, Esq.
Hinda Klein, Esq.