027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK/TURNOFF
MAGISTRATE: Stephen T. Brown



LUCRECIA ESTEVEZ,

Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (hereinafter "ECFMG"), by and through the undersigned counsel, and pursuant to Rule 12(b), Fed. R. Civ. P., files this Motion to Dismiss Amended Complaint and/or Motion for More Definite Statement and Incorporated Memorandum of Law, stating grounds as follows:

### A.  Diversity Jurisdiction

1.      Under  28 U.S.C. § 1332, to establish diversity jurisdiction, a Plaintiff must plead not only an amount in controversy in excess of $75,000, but also that the action is between citizens of different States, or citizens of a State and citizens or subjects of a foreign state.  An alien



admitted to the United States for permanent residence is deemed a citizen of the State in which such alien is domiciled.   Id.  To establish diversity jurisdiction, citizenship, rather than residence, must be alleged must be alleged with respect to natural persons, and the place of incorporation and principal place of business of a corporation must be alleged.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Banci v. Wright, 44 F. Supp. 2d 1272, 1274 (S.D. Fla. 1999).  However, Plaintiff alleges her state of residence, not her state of citizenship, and she alleges the place of incorporation, but not the principal place of business, of ECFMG (Amended Complaint, ¶¶ 4, 7, 8).  Thus, Plaintiff does not meet the requirements for pleading diversity jurisdiction.   Plaintiff has not pled Federal question jurisdiction under 28 U.S.C. § 1331 as an alternate basis for jurisdiction, and therefore this Court must dismiss this action for lack of subject matter jurisdiction.

**B.   Failure to State a Cause of Action/More Definite Statement**

2.      Plaintiff has pled a claim for "substantive and procedural due process violations relative to the absence of lawful and fair appellate procedures which on their face violate plaintiff's due process rights" (Amended Complaint, pp. 5-6).   Moreover, Plaintiff has filed a "Supplemental Memorandum of Law in Support of Amended Complaint."   The Supplemental Memorandum appears to argue that ECFMG was an arm of the U.S. Department of State,[1] and as such a state actor

---

[1] Plaintiff relies on 45 C.F.R. § 51.2 and 22 C.F.R. § 62.27 to establish that ECFMG is an arm of the U.S. Department of State.  However, 22 C.F.R. § 62.27 concerns an Exchange Visitor Program of the Department of State pursuant to which ECFMG sponsors alien physicians wishing to pursue graduate medical education in the United States, and among the requirements set forth in this regulation are the requirement of a statement of need from the government of the alien's country assuring there is a need in the country for persons with the skills the alien seeks to

CASE NO. 02-22032-CIV-HUCK/TURNOFF

subject to the due process requirements of the United States Constitution, in reliance upon <u>Lebron v. National Railroad Passenger Corp.</u>, 513 U.S. 374 (1995) and other cases. The Amended Complaint itself alleges that ECFMG was an arm of the U.S. Department of State (Amended Complaint, ¶ 8). However, Plaintiff has neither pled Federal question jurisdiction under 28 U.S.C. § 1331, nor identified whether her due process claim is pursuant to the Fifth Amendment, the Fourteenth Amendment, both amendments, or neither amendment. Plaintiff has alleged supplemental jurisdiction for State law claims pursuant to 28 U.S.C. § 1367, without ever specifying what state law claims are being asserted. Is Plaintiff alleging a due process claim pursuant to Article I, Section 9, of the Florida Constitution? Defendant is in the dark. Plaintiff should be required to amend her Amended Complaint again to make a more definite statement of her claims pursuant to Rule 12(e), Fed. R. Civ. P.

---

acquire, and that the alien has provided written assurance of returning to his home country. However, Plaintiff has pled in the instant case that she is a resident of Miami-Dade County, and has attended medical schools in Central America (Amended Complaint, ¶¶ 7, 9, 18). Moreover, Plaintiff testified before ECFMG'S Appeals Committee that she lived in Coconut Grove, Florida, for most of her life (Transcript, p. 19, attached as Exhibit H to Amended Complaint, and therefore a part of the Amended Complaint for all purposes pursuant to Rule 10(c), Fed. R. Civ. P.). Plaintiff also testified before the ECFMG Appeals Committee that she received Stafford Loans for her medical education (Transcript, p. 44). Eligibility for Federal student loans requires a showing that one is a U.S. citizen or national, a U.S. permanent resident, or able to provide evidence from INS that he or she is in the U.S. for other than a temporary purpose with the intention of becoming a citizen or permanent resident. 20 U.S.C. §§ 1091(a)(5), 1077, and 1071. Thus, the ECFMG's involvement with the Department of State with respect to admission of foreign physicians for medical training in the United States has no bearing on the instant case, which concerns unrelated, and non-regulated, functions of the ECFMG in assuring the qualifications of graduates of foreign medical schools to practice medicine in the United States, and the Federal regulations cited by Plaintiff do not make ECFMG a state actor for purposes of this action.

-3-

CASE NO. 02-22032-CIV-HUCK/TURNOFF

3.    Even if Plaintiff does amend her Amended Complaint to assert a Federal constitutional due process violation, it does not appear that she can establish that ECFMG is a state actor.  In Staudinger v. Educational Commission for Foreign Medical Graduates, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993), the court concluded that the Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983 had to be dismissed because the Plaintiff could not establish that ECFMG was a "state actor."   Staudinger was an Austrian graduate of an Austrian medical school who was offered a residency at New York Medical College conditional on obtaining certification from ECFMG.  The court first observed that the work performed by ECFMG, testing and certifying that foreign medical school graduates are qualified to practice medicine, does not fall within the narrow category of functions considered the exclusive province of the State.  The court also noted that while state regulation or funding do not establish state action, the plaintiff had not even contended that the State of New York regulated or financed ECFMG.   Moreover, although New York State allowed private entities, such as hospitals, to defer to ECFMG'S certification decisions, Plaintiff did not assert that New York exercised coercive power or provided significant encouragement to ECFMG. Likewise, in the instant case, ECFMG'S functions of testing and certifying whether Plaintiff was qualified to practice medicine in the United States was not the exclusive province of the State.   The Exchange Visitor Program of the Department of State is not relevant to the instant action, and therefore is of no bearing as to whether ECFMG is a state actor.   See supra footnote 1.

4.    Additionally, numerous courts have found that private organizations whose decisions affect student admissions to higher education, institutional accreditation, and other similar

-4-

CASE NO. 02-22032-CIV-HUCK/TURNOFF

functions, are not state actors for purposes of the Fourteenth Amendment.   See Langston v. ACT,

890 F.2d 380 (11th Cir. 1989) (reliance of state institutions on validity of ACT test results was not

enough to convert ACT's test security measures into state action); Johnson v. Educational Testing

Service, 754 F.2d 20 (1st Cir. 1985) (ETS was not state actor merely because nearly all law schools,

including many state-operated law schools, required ETS' LSAT test for admission, and formulation,

grading, and reporting of standardized tests was not an exclusive public function); McKeesport

Hospital v. The Accreditation Council for Graduate Medical Education, 24 F.3d 519 (3rd Cir. 1994)

(withdrawal of accreditation of hospital's general surgery residency program was not state action);

Metzger v. National Commission on Certification of Physician Assistants, 2001 U.S. Dist. LEXIS 658

(E.D. Pa. 2001) (fact that NCCPA's certifications were relied upon by many states in licensing

decisions did not warrant finding that NCCPA was a state actor, where it was a private organization

receiving no financial support from the government, and operated on a completely independent basis);

see also Remy v. Howard University, 55 F. Supp. 2d 27 (D.D.C. 1999) (University's Congressional

charter, substantial annual government appropriations, yearly inspections by the Secretary of

Education, and annual reports to Congress did not make University a state actor for purpose of Fifth

Amendment due process claim).   In light of these cases and Staudinger, Plaintiff cannot establish that

ECFMG is a state actor for purposes of the Fifth and/or Fourteenth Amendment due process clauses,

if indeed Plaintiff is attempting to assert these causes of action.

WHEREFORE, Defendant, EDUCATIONAL COMMISSION FOR FOREIGN

MEDICAL GRADUATES, respectfully requests that this Court grant its Motion to Dismiss based

-5-

CASE NO. 02-22032-CIV-HUCK/TURNOFF

on lack of subject matter jurisdiction and failure to state a cause of action and/or its Motion for More

Definite Statement.

I certify that a copy hereof has been furnished to Jerome H. Shevin, Esq., Levey, Airan,

Bronstein, Shevin, Gables One Tower, Penthouse, 1320 S. Dixie Highway, Miami, FL 33146, by mail

on January 13th 2003.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade

BY: _____
Dale L. Friedman, Esquire
FLORIDA BAR NO. 854646
Mara Shlaekman, Esquire
FLORIDA BAR NO. 0988618

DLF/MJS

13Y1471.WPD
03.0212

-6-