UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK/TURNOFF

LUCRECIA ESTEVEZ,

    Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.
_____/

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW the Plaintiff, LUCRECIA ESTEVEZ, by and through her undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, files this Reply Memorandum to Defendant's Motion to Dismiss Amended Complaint and as grounds therefore states:

1. The Amended Complaint sufficiently alleges those matters necessary and sufficient to state a cause of action against this Defendant and to invoke the jurisdiction of the subject United States District Court.  Furthermore, as alleged, Defendant, i.e., Educational Commission for Foreign Medical Graduates, ECFMG ("ECFMG") was and is incorporated in the State of Pennsylvania and does work for the federal government as a governmental agency throughout the United States. Further, as alleged in the Amended Complaint, Plaintiff Estevez is a citizen and resident of the state of Florida.  As such, the subject Court has jurisdiction herein over ECFMG.

2. The Amended Complaint states a cause of action for violation of Plaintiff's due process rights which the Commission has violated by the Commission's arbitrary and capricious treatment



of her. Thus, as alleged, ECFMG, acting as an agency of the federal government, has violated Plaintiff's Fifth Amendment rights. Further, as alleged in the Amended Complaint, Defendant is a United States citizen as well as resident of Florida and as such is afforded the rights of all other United States citizens. The Complaint further alleges supplemental jurisdiction under state law, 28 U.S.C. 1367. Plaintiff alleges that her due process rights pursuant to Article 1, Section 9 were violated: 'No person shall be deprived of life, liberty, or property without due process of law...' As the evidence will show, Plaintiff was wrongfully denied a fair opportunity to present evidence that she completed her medical school education successfully and should be allowed to pursue her medical career in her own country, the United States, and at her place of residence in the State of Florida.

3. Defendant's Motion to Dismiss appears to admit the connection and complicity between Defendant and the Federal Government through its citation to 45 C.F.R. 51.2. That statute, in connection with others, illustrates the existence and purpose of ECFMG and its nexus with the federal government, establishing jurisdiction in this Federal Court. The ECFMG has acted under its contract with the Unites States Government and in its place performs governmental acts, which included denying Plaintiff the right to a hearing and its complete absence of a presentation presenting any evidence whatsoever indicating that the Plaintiff, Lucrecia Estevez, did not successfully pursue her education nor receive a valid diploma from two (2) foreign medical school programs. In this regard, Defendant, through its relationship with the Federal Government and through its actions, has subjected itself to the jurisdiction of this Court. Plaintiff is not contending that ECFMG is the state. Rather, she is alleging that there is a sufficient nexus between the

Defendant Commission, under its contract with the Department of State and by its acts, have created jurisdictional and due process grounds in which the Federal Government should serve as the Court to exercise jurisdiction herein. The Amended Complaint sets forth facts sufficient to raise a factual question as to whether Defendant is performing an important government function. See <u>Staudinger v. Educational Commission for Foreign Medical Graduates</u>, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993).

Plaintiff argues that ECFMG in its actions in the instant case even meets the test set forth in *Staudinger* in that ECFMG performs an important government function and has a sufficient nexus to the federal government in its capacity as related to Plaintiff (*Staudinger*, at 5584). Unlike Plaintiff Estevez, the plaintiff in *Staudinger* alleged there was a sufficient nexus between the state of New York and ECFMG to find jurisdiction because of the Commission's act in certifying whether the plaintiff had passed the proper examinations and whether he was licensed in Austria. In the instant case, Plaintiff has objected to the flawed trial and appellate process evidenced by Defendant procedurally in its capacity as a fact finder performing traditional functions of the federal government. Further, Plaintiff's claim is based on the Fifth Amendment, unlike plaintiff in *Staudinger*, who argued that the *policy* of the Commission was "discriminatory per se" under the Fourteenth Amendment and 42 U.S.C.S. Sec. 1983 along with a host of other claims different from the subject claims. Id., At 5561.

Plaintiff's allegations in the Amended Complaint, as well as the supplemental memorandum of law, show that Defendant's actions as mandated by the Department of State under its contract and

as mandated by its own procedural rules are governmental in nature. ECFMG and the federal government did not afford Plaintiff basic full and complete hearing rights, which is a fundamental process of the state, nor did it establish or prove through competent and positive evidence that the <u>Plaintiff had not successfully</u> completed her medical education. To the contrary, the Plaintiff entered and successfully completed her medical education at her first foreign medical school (i.e., Univesidad Central Del Este located in the Dominican Republic, and even thereafter attended one additional medical school in Belize, after she was told that her diploma would not be issued to her at the first foreign medical school in the Dominican Republic. At that second school, she had exceptional grades on virtually all her courses, including those subject matter courses she presumably did not complete or allegedly failed to pass at the Dominican Republic Medical School. Further, all of the evidence presented at the hearing before the ECFMG was favorable and positive support to the Plaintiff's case before the ECFMG representatives. Plaintiff argues that further evidence that *Staudinger* is distinguishable is that the administrative proceeding in the instant case did involve roadblocks and obstacles not incurred by the plaintiff in *Staudinger*.[1]

The string citations in the Defendant's Motion to Dismiss have little applicability because they deal with private entities that do not have the strong tie with the federal government that ECFMG does.

---

[1] Plaintiff has attempted to uncover the full facts of the relationship between the federal government and ECFMG. Plaintiff has been thwarted in this effort, despite communication and corespondence with the United States Information Agency. The failure to provide information requested under the FIOA is a vilation of federal statute 5 U.S.C. 552 (a)(6)(A)(ii)as well as 22 C.F.R. 171.60. Plaintiff can only assume that the contract and other pertinent documents at issue are damaging to the Defedant's claim that there is not sufficient connection between the federal government and ECFMG to warant this Court's jurisdiction.

For example, in Langston v. ACT (p5), the defendant-entity was a private company that drafts tests and has simple security measures relating to the tests in place. ECFMG, however, goes through all the administrative procedures typical of a state agency. As such, it is required to provide due process and full and fair hearings. ECFMG is a commission that derives its power from the federal government in its regulation of aliens, traditionally a power exclusive to the federal government. These are matters of state action. In Johnson v. Educational Testing Service (p.5), the defendant was simply a standardized test-marking company. As such, that defendant could not be viewed as a state actor.

4. Here, ECFMG has a set of appellate procedures as do most agencies that affect rights of individual citizens and Florida Residents; ECFMG, however plainly abused its own guidelines and its procedures; its procedures were flawed and stacked against the subject physician. While the treatment of Estevez by ECFMG would be grounds for a lawsuit if ECFMG were a typical private company without ties to the federal government, it is furthermore true that there is sufficient evidence of state action to allow this appeal on constitutional grounds. ECFMG did not afford Estevez with an impartial panel or set of appropriate procedures. In addition, the fact that ECFMG did not detail its reasons for the first denial as well as the appellate decision it rendered was extremely harmful and prejudicial to the Defendant-agency. See Downing v. Williams, 624 F. 2d 612 (C.A. Tex., 1980) (stating in part that procedural due process involving a dismissal of a doctor must include many factors, including sufficient information and impartiality provided to individual medical applicant).

In <u>Benmosche v. Board of Registration in Medicine</u>, the court reviewed the agency board by examining its findings and the evidence, effectively allowing the process to proceed to the trial level. <u>Benmosche</u>, 412 Mass. 82 (1992). Though the Board in question was not overtly tied to a state or federal government, the court questioned whether the Board had substantial evidence to make its finding, which revolved around a graduation dispute, with the same aberrant school as here, UCE. As Estevez is claiming that her 5th and 14th Amendment rights as a United States citizen have been violated by the procedural and substantive flaws in ECFMG's handling of her case, she urges the court to apply the same standard to ECFMG. The Amended Complaint details the long list of abuses endured by Estevez during the ECFMG appellate process; its findings are not appear to be based on substantial evidence.[2] That ECFMG should not be allowed to completely bypass the Constitution, particularly where it applies to a U.S. citizen, as found in <u>National Collegiate Athletic Association v. Tarkanian</u>, 109 S. Ct. 454, 462 (1988): where authority is delegated to the private actor, state action may be found. Although the Court in <u>Tarkanian</u> did not find the NCAA's actions constituted state action, the reasoning could be applied to ECFMG to find a different result. The federal courts, including the Supreme Court, have arguably allowed such a flexible test for situations such as the present one. <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345 (1974), (sets forth actions entwined. In <u>Golden Rule Life Insurance Company v. Mathias</u>, the appellate court found an entwinement of state and a nominally private company. <u>Golden Rule Life Insurance Company</u>, 86 Ill. App. 3d 323 (1980). In that case, the private company (Educational Testing Service) and a state official were

---

[2] No substantial evidence and procedural fairness are requirements of agency decision-making. See <u>Blunt v. Marion County School Board</u>, 515 F. 2d 951 (C.A. Fla. 1975); (federal court hearing case and applying substantive due process and procedural due process tests to a local school board, which had a contract with the state, as ECFMG has a contract with the State Department.

found to have a strong relationship like ECFMG and the State Department seemingly have (again, Estevez was denied access to this public information). With the strong suggestion of federal governmental entanglement of the ECFMG and the diversity of citizenship present herein as well as the amount in controversy being proper, this Court has jurisdiction to hear this case.

5. Further, the Plaintiff's Amended Complaint and Incorporated Memorandum of Law shows that there is at least arguably a sufficient state nexus between the federal government and ECFMG and, further, that Defendant's actions as a quasi state agency violated Plaintiff's rights in its denial of Plaintiff's certification, which, it will be shown, was clearly merited in this case. ECFMG has denied an American citizen's right to practice medicine in the United States under a process that violated her constitutional rights, and ECFMG should be subject to the jurisdiction of this Court, so that this case can be fully heard, following appropriate discovery and bench trial on the merits.

WHEREFORE, Plaintiff respectfully requests that the Motion to Dismiss Amended Complaint be denied.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 7th day of March, 2003 to: :Dale L. Friedman, Esquire, CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A., 3440 Hollywood Boulevard, Second Floor, Hollywood, Florida 33021.

Jerome H. Shevin, P.A.
Levey, Airan, Brownstein, Shevin, et al.
Attorneys for the Plaintiff
Gables One Tower, Penthouse
1320 S. Dixie Highway
Miami, Florida 33146
Telephone: (305) 661-6664

By: *Jerome H. Shevin*
Jerome H. Shevin
FBN: 097952