027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK
MAGISTRATE: Stephen T. Brown



LUCRECIA ESTEVEZ,

Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

Defendant.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF
### MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, the Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, by and through the undersigned counsel, and pursuant to Rule 12(b), Fed. R. Civ. P., files this Reply in Support of Motion to Dismiss Amended Complaint, stating grounds as follows:

1. In Plaintiff's "Reply Memorandum to Defendant's Motion to Dismiss Amended Complaint," which could more accurately have been entitled a Response Memorandum, Plaintiff for the first time alleges that she is a <u>citizen</u>, and not merely a resident, of the State of Florida and the United States (Reply Memorandum, ¶¶ 1, 2). To establish diversity jurisdiction, citizenship, rather than residence, must be alleged with respect to natural persons, and the place of incorporation and principal place of business must be alleged with respect to a corporation. Taylor v. Appleton, 30



F.3d 1365, 1367 (11th Cir. 1994); Banci v. Wright, 44 F. Supp. 2d 1272, 1274 (S.D. Fla. 1999). However, Plaintiff must amend her Amended Complaint to incorporate these allegations. Furthermore, Plaintiff still has not alleged the principal place of business of ECFMG.

    2. In addition, Plaintiff now asserts that her claim is based on the Fifth Amendment of the U.S. Constitution, and that the Court may exercise supplemental jurisdiction over a claim under Article I, Section 9, of the Florida Constitution; again these allegations are not set forth in the Amended Complaint (Reply Memorandum, pp. 2-3). Plaintiff somewhat inconsistently distinguishes Staudinger v. Educational Commission for Foreign Medical Graduates, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993), as being based on the Fourteenth Amendment rather than the Fifth Amendment, yet elsewhere alleges that her own claims are under both the Fifth and the Fourteenth Amendments (Reply Memorandum, pp. 3, 6). Plaintiff must clarify her allegations through a Second Amended Complaint before Defendant should be required to answer.

    3. To the extent that Plaintiff's Reply Memorandum attempts to clarify the allegations of her Amended Complaint, those clarifications conclusively establish that the purported nexus between Defendant and the Federal Government has no relationship to the instant case.[1] Plaintiff relies on 45 C.F.R. § 51.2 and 22 C.F.R. § 62.27 to establish that ECFMG is an arm of the

---

[1] Plaintiff states that "Defendant's Motion to Dismiss appears to admit the connection and complicity between Defendant and the Federal Government through its citation to 45 C.F.R. 51.2." (Reply Memorandum, p. 2, ¶ 3). Defendant's citation to this regulation in no way constitutes an admission, but was merely an attempt to refute Plaintiff's own reliance on this regulation in her "Supplemental Memorandum of Law in Support of Amended Complaint."

CASE NO. 02-22032-CIV-HUCK

U.S. Department of State. However, 22 C.F.R. § 62.27 concerns an Exchange Visitor Program of the Department of State pursuant to which ECFMG sponsors alien physicians wishing to pursue graduate medical education in the United States. Among the requirements set forth in this regulation is the necessity of a statement of need from the government of the alien's country assuring there is a need in the country for persons with the skills the alien seeks to acquire, and that the alien has provided written assurance of returning to his home country.

4. Moreover, with respect to this same Exchange Visitor Program, the Explanatory Note to 45 C.F.R. § 51.2 provides that pursuant to an agreement with the Department of State entered into in 1971, ECFMG was designated as the entity with the authority to administer the issuance of a particular form used in all cases involving the admission, certification, transfer or extension of stay for "<u>foreign physicians in exchange visitor status</u> who are receiving graduate medical education or training" (emphasis added). Indeed, the purpose of 45 C.F.R. Part 51 is "to establish criteria for review and evaluation of the comprehensive plans of Graduate Medical Education Programs to <u>reduce reliance on alien physicians</u>, as required by the Immigration and Nationality Act Amendments of 1981, Pub. L. 97-116, for the waiver of certain requirements for exchange visitors who are coming to the United States to participate in programs of graduate medical education or training" (emphasis added). Clearly, all of the Federal regulations relied upon by Plaintiff to establish that ECFMG is a state actor are inapplicable to Plaintiff, who, by her own admission, is a United States citizen, and thus not a foreign or alien physician in the Exchange Visitor Program. Thus, the ECFMG's involvement with the Department of State with respect to admission of foreign

CASE NO. 02-22032-CIV-HUCK

physicians for medical training in the United States has no bearing on the instant case, which concerns unrelated, and non-regulated, functions of the ECFMG in assuring the qualifications of graduates of foreign medical schools to practice medicine in the United States, and the Federal regulations cited by Plaintiff do not make ECFMG a state actor for purposes of this case.

5. As to the issue of "state action," while Plaintiff attempts to distinguish certain cases[2] on the basis that they concern companies that merely design and administer educational testing, Plaintiff makes no effort to distinguish those cases cited by Defendant finding that various organizations whose functions are related to accreditation and professional licensing and certification, like ECFMG, are not state actors. See McKeesport Hospital v. The Accreditation Council for Graduate Medical Education, 24 F.3d 519 (3rd Cir. 1994) (withdrawal of accreditation of hospital's general surgery residency program was not state action); Metzger v. National Commission on Certification of Physician Assistants, 2001 U.S. Dist. LEXIS 658 (E.D. Pa. 2001) (fact that NCCPA's certifications were relied upon by many states in licensing decisions did not warrant finding that NCCPA was a state actor, where it was a private organization receiving no financial support from the government, and operated on a completely independent basis).

6. Finally, Plaintiff's efforts to distinguish Staudinger v. Educational Commission for Foreign Medical Graduates, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993), are misguided. First, Plaintiff asserts that the ECFMG meets the "state action" tests cited in Staudinger:

---

[2] Langston v. ACT, 890 F.2d 380 (11th Cir. 1989); Johnson v. Educational Testing Service, 754 F.2d 20 (1st Cir. 1985).

(1) the private actor performs important government functions, and (2) there is a sufficiently close nexus between the State and the challenged action that the private party's action may be fairly treated as that of the State itself. This argument is without merit, in that ECFMG'S purported governmental functions in conjunction with the State Department concerning the Visitor Exchange Program have no nexus whatsoever to the ECFMG'S decisions concerning Plaintiff in the instant case, since, as explained above, the Plaintiff is not an alien physician participating in the Visitor Exchange Program. Next, Plaintiff attempts to distinguish Staudinger on the basis that the plaintiff in that case alleged (unsuccessfully, which Plaintiff neglects to mention) a nexus between ECFMG and the State of New York because of ECFMG'S act of certifying whether the plaintiff had passed certain examinations and whether he was licensed in Austria, whereas Plaintiff's objections here are to the allegedly flawed trial and appellate process carried out by ECFMG in its capacity as a fact finder purportedly performing traditional functions of the Federal government. However, there is no basis for Plaintiff to assert that ECFMG'S functions of testing and certifying whether Plaintiff was qualified to practice medicine in the United States are traditional functions of the Federal government. Indeed, physicians are licensed on a state-by-state basis. See Chapter 458, Fla. Stat. (regulating physicians). The mere fact that ECFMG has internal processes for review of its own decisions does not make ECFMG a state actor performing a traditional function of the Federal government. Thus, Plaintiff's allegations are insufficient to establish a Fifth or a Fourteenth Amendment cause of action based on the theory that ECFMG is a state actor.

WHEREFORE, Defendant, EDUCATIONAL COMMISSION FOR FOREIGN

CASE NO. 02-22032-CIV-HUCK

MEDICAL GRADUATES, respectfully requests that this Court grant its Motion to Dismiss Amended Complaint.

I certify that a copy hereof has been furnished to Jerome H. Shevin, Esq., Levey, Airan, Bronstein, Shevin, Gables One Tower, Penthouse, 1320 S. Dixie Highway, Miami, FL 33146 by mail on May 24, 2003.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade


BY: _____
Dale L. Friedman, Esquire
FLORIDA BAR NO. 854646
Mara Shlackman, Esquire
FLORIDA BAR NO. 0988618

DLF/MJS

14T7219.WPD
03.0321