

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

LUCRECIA ESTEVEZ,

      Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, the Plaintiff, LUCRECIA ESTEVEZ, by and through the undersigned counsel, files this Response to Defendant's Reply in Support of Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b), and as grounds therefor, states:[1]

    1.    Plaintiff has sought leave of Court to amend its Complaint, which incorporates additional facts and allegations referenced in Defendant's Motion to Dismiss Amended Complaint and Memorandum in support thereof. Attached hereto and made a part hereof, as Exhibit "A," is a copy of the undersigned's Motion for Leave of Court to File Second Amended Complaint.

    2.    Once again, Defendant continues to belabor its willing misconstruction of Plaintiff's usage of 45 C.F.R. 51.2 and 22 C.F.R. 62.27. These Regulations illustrate the strong connection between the government and ECFMG. Most important is the mention of

---

[1] Contemporaneously with this Response to Defendant's Reply In Support of Motion to Dismiss Amended Complaint, Plaintiff has filed a Motion for Leave of Court to File Second Amended Complaint (with proposed version of the complaint attached thereto), which rectifies any inconsistencies raised by the Defendant in its Reply regarding its Motion to Dismiss.

the agreement (contract) between the State Department and ECFMG in 45 C.F.R. 51.2.

3.      Defendant argues that 45 C.F.R 51.2 is extremely relevant to the determination of "state action," while 22 C.F.R. 62.27 is illustrative of some of the ministerial responsibilities of the ECFMG. Defendant has gotten itself bogged down in some of the details of 22 C.F.R. 62.27.   Plaintiff would prefer to have more conclusive evidence of the nature of the relationship between the United States government and the ECFMG, but Plaintiff was denied this information by the ECFMG after her request for this information many months ago.   Defendant's contention - that since Plaintiff is a U.S. citizen the ECFMG's agreement with the State Department does not have any bearing on the case - is flawed.  ECFMG has improperly treated Dr. Estevez, who has graduated from a foreign medical school as a foreign medical graduate, despite her U.S. citizenship. Further, the fact that Plaintiff is also a U.S. citizen serves as a strong argument that the alleged violations of her due process rights deserve heightened scrutiny by the Court.  Defendant wishes to place the Plaintiff in a "catch-22," but clearly, Dr. Estevez is *both* a foreign medical graduate and a U.S. citizen for purposes of this lawsuit.

4.      Both cases cited by Plaintiff (See ¶ 4, Defendant's Reply) can be distinguished from the present case. McKeesport Hospital v. The Accreditation Council for Graduate Medical Education, 24 F.3d 519 (3rd Cir. 1994), dealt with a government agency overseeing individuals, and was a Section 1983 action.   Metzger v. National Commission on Certification of Physician Assistants, 2001 U.S. Dist. LEXIS 658 (E.D. Pa. 2001) was a case in which Plaintiff complained about the unfairness of an examination and had no sound constitutional grounds for the suit.  The defendant in Metzger merely followed tested and reported testing, while in the instant case, ECFMG made its unreasoned findings regarding Estevez in an abusive process, unrelated to a mere rubber-stamping of state regulations or written examinations.  Neither case cited by Defendant deals with questions of alienage and neither apparently has a long-standing agreement with the federal government.  Plaintiff has

already cited several strong cases in her support.  Further, the ECFMG's elaborate appellate process does not in and of itself establish its governmental nature but is evidence of it. Plaintiff distinguishes the Staudinger decision on several grounds, and reaffirms these grounds.  Admitting of foreign graduates to pursue medical careers in the United States can arguably fall under alienage, which is a traditional function of the federal government.

WHEREFORE, Plaintiff, LUCRECIA ESTEVEZ, respectfully requests that this Court deny Defendant's Motion to Dismiss her Amended Complaint.

Respectfully Submitted,

**Jerome H. Shevin, P.A.**
Levey, Airan, Brownstein, Shevin,
  Friedman, Roen & Kelso LLP
Attorneys for the Plaintiff
Gables One Tower, Penthouse 1275
1320 S. Dixie Highway
Miami, Florida 33146
Telephone: (305) 661-6664

By: _____
       Jerome H. Shevin
       Fla. Bar No. 097952

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was furnished via fax and U.S. Mail this 11th day of April, 2003 to: **Dale L. Friedman, Esq.,** Attorney for Defendant, Conroy, Simberg, Ganon, Krevans & Abel, P.A., 3440 Hollywood Boulevard, 2nd Floor, Hollywood, Florida 33021.

By: _____
       Jerome H. Shevin

-3-

Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

LUCRECIA ESTEVEZ,

        Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

        Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES AND FOR EQUITABLE RELIEF AGAINST DEFENDANT'S ARBITRARY AND CAPRICIOUS ACTIONS AND VIOLATIONS OF PLAINTIFFS DUE PROCESS RIGHTS AND TO SET ASIDE DEFENDANT'S DENIAL OF PLAINTIFF'S RIGHT TO TAKE THE REMAINING UNITED STATES MEDICAL LICENSING EXAMS REQUIRED SO THAT SHE CAN BECOME A PRACTICING PHYSICIAN IN THE UNITED STATES OF AMERICA

COMES NOW the Plaintiff, LUCRECIA ESTEVEZ, by and through undersigned counsel and pursuant to the Fed. R. Civ. P. 15(a), hereby files her Motion for Leave of Court to File Second Amended Complaint for Damages and for Equitable Relief, and in support thereof states:

1.    On March 24, 2003, Defendant, Educational Commission for Foreign Medical Graduates, filed its Reply in Support of Motion to Dismiss Amended Complaint ("Defendant's Reply").

2.    In paragraph one of Defendant's Reply, Defendant acknowledges Estevez' assertion of her United States citizenship, and that she is not merely a resident of the State of

Florida. (See ¶ 1, Defendant's Reply). Further, Defendant uses this admission by Estevez later in its Reply, in relation to whether Plaintiff can establish that the Defendant is a "state actor" under the applicable federal regulations. (See ¶ 4, Defendant's Reply).

3.    Further, Defendant states that the fact of Dr. Estevez' United States citizenship , as well as allegations relating to the Defendant's principal place of business (See ¶ 1, Defendant's Reply), are appropriate facts to be plead in the complaint, and not in a related motion.

4.    Moreover, in paragraph two of Defendant's Reply, Defendant alleges, among other things, that the Plaintiff "must clarify her allegations through a Second Amended Complaint before Defendant should be required to answer." (See ¶ 2, Defendant's Reply).

5.    Consequently, Plaintiff seeks to file her Second Amended Complaint to include necessary facts and allegations in this case, which Defendant acknowledges should be properly plead in the Second Amended Complaint. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit "A."

6.    Plaintiff seeks to file her Second Amended Complaint for Damages to prove Defendant's arbitrary and capricious actions, which have violated Estevez' due process rights under the law, and also to set aside the denial of Defendant's right to take the remaining medical licensing examinations required of her under United States law, so that she may become a physician properly licensed and authorized to practice medicine in the State of Florida.

WHEREFORE, Plaintiff, LUCRECIA ESTEVEZ, respectfully requests that this Court

grant Plaintiff's Motion for Leave of Court to File Second Amended Complaint for Damages and

for Equitable Relief.

Respectfully Submitted,

**Jerome H. Shevin, P.A.**
Levey, Airan, Brownstein, Shevin,
  Friedman, Roen & Kelso LLP
Attorneys for the Plaintiff
Gables One Tower, Penthouse 1275
1320 S. Dixie Highway
Miami, Florida 33146
Telephone: (305) 661-6664

By:_____
    Jerome H. Shevin
    Fla. Bar No. 097952


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via fax

and U.S. Mail this _____ day of April, 2003 to: **Dale L. Friedman, Esq.**, Attorney for Defendant,

Conroy, Simberg, Ganon, Krevans & Abel, P.A., 3440 Hollywood Boulevard, 2nd Floor,

Hollywood, Florida 33021.

By:_____
    Jerome H. Shevin