UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 02-22032-CIV-HUCK

LUCRECIA ESTEVEZ,

    Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.

_____/

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, LUCRECIA ESTEVEZ ("ESTEVEZ"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and this Court's order of April 22, 2003 sues Defendant EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG") and states:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332; the amount in controversy exceeds $75,000.00 and the matters complained of arise between citizens of different states; in addition, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1331, as this action arises under the Constitution of the United States.

2.     By virtue of jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C.A. § 1332, this Court also has equitable powers to hear

any claims sounding in equity set forth hereunder.

3. Venue in this district is proper pursuant to 28 U.S.C.A. § 1391, because the Plaintiff resides in Dade County, Florida, and the various causes of action adversely affect the Plaintiff in this District.

## NATURE OF CLAIMS

4. An actionable controversy of a judicial nature exists between Plaintiff and Defendant with respect to administrative procedure and application.

5. This is an action for damages in excess of $75,000.00 and/or for equitable relief to set aside an improper proceeding which violated Plaintiff's procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

6. This is also an action seeking declaratory relief to set aside the ruling in favor of ECFMG.

7. All conditions precedent to the filing of this action have been satisfied or have occurred.

## PARTIES

8. Plaintiff, LUCRECIA ESTEVEZ, is an individual over the age of eighteen who resides in Miami-Dade County, Florida, is a citizen of the United States and Florida and is otherwise *sui juris*.

9. Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, is incorporated in Pennsylvania. Upon information and belief, it is an entity that serves as an arm of the United

States Department of State. It has a long-standing agreement with the Department of State to serve in its stead for various functions regarding aliens and graduates from foreign medical schools, acting therein as and for the United States. It further has the authority to verify credentials to medical students completing their medical education outside the United States. Once those credentials are issued, foreign medical school students can then take the required medical examinations for certification to practice medicine in the United States. Defendant ECFMG's principle place of business is in Pennsylvania, with its headquarters located in Philadelphia, Pennsylvania.

## GENERAL ALLEGATIONS

10. Plaintiff Estevez graduated in 1998 from the Universidad Central del Este (UCE), a medical school in the Dominican Republic; Estevez qualifies as a foreign medical graduate for purposes of this lawsuit and was treated as such by ECFMG.

11. In February, 1998, Estevez applied for certification from ECFMG after Estevez had applied to take the requisite examinations.

12. ECFMG, through its program of certification, assesses whether medical graduates of international schools are ready to enter residency or fellowship programs in the United States.

13. ECFMG certification is one of the eligibility requirements necessary to take the three step testing process through the United States Medical

Licensing Examination (USMLE). The three step testing includes Basic Sciences, Clinical Sciences and Clinical Assessment. The State of Florida also requires foreign medical graduates to have the ECFMG certification to obtain a license to practice medicine.

14. On or about June 9-10, 1998, Estevez took the USMLE Step 1 Basic Science Exam. She felt positive about her results on this fist step of the exam process. Thereafter, ECFMG communicated with Estevez that it was unable to independently verify Estevez' medical school diploma, which had been issued on or about February 24, 1998, by Universidad Central del Este (UCE).

15. Notwithstanding voluminous documents, including diplomas, degrees, affidavits, certifications, and transcripts attesting to Estevez's attendance and completion of the Medical Curriculum at UCE, ECFMG improperly, arbitrarily and wrongfully refused Estevez approval to take the two additional medical exams required for the residency program. ECFMG told Estevez that she would have to wait 10 years before she could even attempt to qualify to take the exam over. The signatures on the medical school diploma were ruled to be authentic by the verification agency (the National Counsel of Superior Education). Estevez went to medical school outside the United States because she did not have the requisite courses for admittance in the United States. This route is perfectly legal for United States citizens and she did not expect such abuse from an agency of her own government.

4

16. ECFMG took improper action to bar Estevez from admission to further USMLE examinations for an indefinite period of time. In addition, ECFMG refused to report the examination score to Estevez on the Step 1 portion of the USMLE exam.

17. At a hearing, ECFMG designated three (3) individuals from ECFMG's own Board of Trustees to determine whether or not Plaintiff's appeal would be decided favorably to the Plaintiff so that she could complete her medical school examinations with USMLE, the testing organization itself, and become appropriately credentialed and certified to practice medicine.

18. The USMLE Committee on Irregular Behavior conducted a review and ultimately determined Estevez had engaged in possible unspecified "irregular behavior," and recommended that Estevez be barred from taking the remaining Medical Board Exams through the USMLE for a ten (10) year period. USLME recommended only a one (1) year delay, which has long since passed.

19. Estevez enrolled in a second medical school, Central American Health Science University (CAHSU), and successfully completed her medical curriculum with Honors in a number of the courses which UCE had reported to ECFMG as "failed."

20. Estevez then re-applied to ECFMG to obtain Certification and credentials so that she could take the remaining USMLE administered exams, and obtain her grade on the one exam that she had already taken.

21. Despite verifying Estevez' diploma and other credentials and without the

5

        benefit of a full hearing on the matter, ECFMG barred Estevez from taking the remaining exams for an unreasonable and arbitrary period of time: ten (10) years, or until 2011, which was directly contrary to the recommendation of USMLE.

22. Estevez formally requested information regarding past hearings and ECFMG refused to provide the information, wrongfully depriving Estevez of her right to determine the bases of ECFMG's arbitrary and capricious ruling against her.

## PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS WERE FURTHER VIOLATED DUE TO UNFAIR APPELLATE PROCEDURES

23. Plaintiff Estevez realleges all matters above and incorporates the same herein. The matters set forth constitute multiple violations of fundamental procedural due process rights to which Estevez is entitled as a United States citizen.

24. Procedural due process rights held by Estevez were further violated when she appealed the decision in an appellate process that was fundamentally flawed.

25. Estevez appealed that decision to the ECFMG Review Committee, pursuant to the ECFMG Rules of Appellate Procedure of the ECFMG Board of Trustees. The subject Rules of Appellate Procedure are legally deficient in that they do not cover nor provide for a variety of rights and remedies that are required at a minimum by administrative agencies who

must satisfy and provide basic due process rights to applicants seeking similar certifications or credentials.

Prior to the appellate hearing on May 22, 2002, ECFMG withheld and refused to produce documents and records to Estevez and her Counsel, who had made requests on separate occasions verbally and in writing. At the hearing, ECFMG did not produce requested documents or witnesses. ECFMG's General Counsel, and ECFMG's General and private/outside counsel attended and directly questioned Plaintiff at the hearing. The hearing transcript does not reflect a scintilla of evidence submitted by ECFMG as to the reason and/or the basis for ECFMG's denial of Plaintiff's appeal, which is legally required by law in connection with such a federal administrative proceeding. The hearing was presided over by members of the Board of Trustees who were clearly not objective. Various high-ranking members of ECFMG attended the hearings and deliberations. Defendant's actions denying Estevez's rights were further illustrated in correspondence from their counsel which did not provide reasons to her why her appeal was rejected. (Attached hereto and made a part hereof as Exhibit "A"). Further, ECFMG's appellate process effectively violated Plaintiff's procedural due process rights and caused the following damages:

a. She is in debt to the extent of more than one hundred thousand dollars ($100,000.00) to her student loan lender, EDUCAID; meanwhile, Estevez has excelled in medical school education

achieving honors grades in most of her medical school courses including the courses that UCE had said she failed or had not taken.

26. ECFMG's rules lack impartiality and do not provide procedural due process rights or protections to this applicant, nor to any appellants who apply thereunder.

27. Pursuant to the Rules, an applicant must file a "Notice of Review" within thirty days of receipt from ECFMG of written ineligibility for certification, to begin the appeal process. Then the President of ECFMG, or his designate, reviews the notice of appeal to determine its sufficiency. This person may be the same party who rendered the decision which is being appealed. This party also determines whether to grant an oral or written hearing. This denies the applicant's right to a fair and impartial review of the decision being appealed. Furthermore, the appellate process that was convened herein and the deliberations that took place included the Executive Director and officers of ECFMG participating in the "deliberations" of the Panel following an abbreviated evidentiary hearing. This appellate process was tainted by conflicts of interest.

28. Next, assuming the Notice of Appeal is acceptable to the President of ECFMG or his designate, the Chairman of the Board of Trustees of ECFMG appoints a Review Committee. This committee must have a minimum of three people, one of whom must be on the Board of Trustees of ECFMG. Members of the executive staff of ECFMG, including the

President, may be appointed to the Review Committee. The Review Committee appoints its own Chairman who must be a member of the Board of Trustees of ECFMG, another direct ECFMG connection. The relationship of all parties involved at ECFMG is so incestuous, as to make any truly fair review an impossibility.

29. The ECFMG Appellate Rules are not impartial and are in violation of the law. The Rules provide that at an appeals hearing, the Board may consider any evidence *it* deems appropriate and the applicant has no right to be present at a written hearing, but may be present at an oral hearing. However, the determination of whether a hearing should be written or oral is within the sole discretion of the President or his designate.

30. The process itself was fundamentally unfair to Estevez. Estevez's counsel was permitted to participate only minimally, at an oral hearing. Although counsel made a reasonable request for more time, he was given a truncated time frame which to present his client's case. Most of the hearing time was taken up by extensive and repetitive cross examination and questioning of the Plaintiff by multiple persons in attendance representing the interests of ECFMG. Such a procedure is not an appellate procedure but is simply an evidentiary hearing in the nature of a "star chamber" proceeding when weighted against what should be a fair administrative proceeding, which could not take place under the subject circumstances. Furthermore, the result of the hearing did not contain *any* specific findings as to the basis of the negative decision.

31. At the Estevez hearing, eight members of ECFMG were present, along with ECFMG's in-house counsel, outside counsel, the Executive Director of the agency that conducted the flawed credentialing process, the three designated members by the President of ECFMG and other ECFMG representatives. Upon information and belief, at the conclusion of the hearing, all of those present on behalf of ECFMG remained in the room after the applicant and her counsel departed.

32. Estevez was not permitted to ask questions of the Credentials Committee and ECFMG did not present *any* reason - legally required to be in writing - for its decision to bar Estevez from certification, for a ten year period. As the applicant, Estevez was not permitted access to any of ECFMG's records. Accordingly, Estevez was denied the opportunity to meet her burden of proof.

33. The ECFMG Rules of Appellate Procedure contain no safeguards to ensure such a fair process and impartial hearing to applicants such as the Plaintiff. Indeed, ECFMG did not do this, either when rendering its original decision or in rendering its decision on the appeal. Even when faced with very clear evidence demonstrating the lack of veracity of UCE's allegations, ECFMG failed to articulate any explanation for its outrageous and unreasonable bar. The rules and their implementation by the commissions working on behalf of the United States Department of State were in violation of due process of law, and materially affected the Plaintiff's procedural due process rights.

34. Accordingly, the Plaintiff, LUCRECIA ESTEVEZ, requests the following relief:

   a. For a declaration of the Court, and its entry of injunctive relief, setting aside the Defendant's denial of the Plaintiff's appeal as being unreasonable, arbitrary and without any factual basis. Further, that Plaintiff Estevez be permitted to take the remaining two examinations, or in the alternative, receive a new hearing under rules and implementation that meet fundamental due process requirements.

   b. An award of damages in excess of one hundred thousand dollars ($100,000.00) based on the moneys Plaintiff has spent on her education and attempts to be credentialed herein.

   c. A prayer for equitable relief including but not limited to damages caused by the denial of Plaintiff's appeal and the delays caused Plaintiff, as well as expenses and damages relative thereto.

d.  For such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

**Jerome H. Shevin, P.A.**
Levey, Airan, Brownstein, Shevin,
  Friedman, Roen & Kelso LLP
Attorneys for the Plaintiff
Gables One Tower, Penthouse 1275
1320 S. Dixie Highway
Miami, Florida 33146
Telephone: (305) 661-6664

By: _____
Jerome H. Shevin
Fla. Bar No. 097952

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via regular U.S. Mail this 9th day of May, 2003 to: **Dale L. Friedman, Esq.**, Attorney for Defendant, Conroy, Simberg, Ganon, Krevans & Abel, P.A., 3440 Hollywood Boulevard, 2nd Floor, Hollywood, Florida 33021.

By: _____
Jerome H. Shevin

**EXHIBIT "A"**



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

PHILADELPHIA OFFICE
3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 • FAX: 215-386-9767 • INTERNET: www.ecfmg.org

---

Personal and Confidential
Via Federal Express

June 10, 2002

Dr. Lucrecia Teresa Estevez
3242 Mary Street, PH3-S
Miami, FL 33133

USMLE™/ECFMG® Identification No.
0-597-216-1

Re: ECFMG Review Committee Decision

Dear Dr. Estevez:

On October 29, 2001, the Educational Commission for Foreign Medical Graduates (ECFMG) Medical Education Credentials Committee reviewed your petition that it specify the duration of its bar of you from admission to all ECFMG examinations and from ECFMG certification. After review, the ECFMG Medical Education Credentials Committee took action to continue to bar you from admission to all ECFMG examinations and from ECFMG certification until October 2011.

On December 12, 2001, you filed a Notice of Appeal of this action. Your appeal was heard on May 22, 2002 in Philadelphia, Pennsylvania, before a Review Committee consisting of Stephen I. Schabel, M.D., Chair, Mr. Thomas C. Gentile, Jr. and Deborah E. Powell, M.D. You requested and made a personal appearance before the Committee accompanied by Jerome H. Shevin, Esq.

The ECFMG Review Committee considered all the information before it, including the material you had provided to the ECFMG Medical Education Credentials Committee, your Notice of Appeal and additional material you submitted, and the statements before the Review Committee, including those of Maurice Modavi, M.D. A copy of the transcript of the proceedings is enclosed.

Based on its review of all information presented to it, the ECFMG Review Committee has determined not to grant your December 12, 2001 appeal of the decision of the ECFMG Medical Education Credentials Committee.

Dr. Lucrecia Teresa Estevez
June 10, 2002
Page 2


     If you have any questions, please direct your correspondence to me or Mr. William C. Kelly, Manager, Medical Education Credentials Department.

ECFMG REVIEW COMMITTEE

Stephen I. Schabel, M.D.
Mr. Thomas C. Gentile, Jr.
Deborah E. Powell, M.D.

By: _____
Stephen S. Seeling, J.D.
Vice President for Operations
Educational Commission for Foreign Medical Graduates
At the Direction of the ECFMG Review Committee

SSS/wck
Enclosure

cc:   Jerome H. Shevin, Esq.