027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK
MAGISTRATE: Stephen T. Brown

FILED BY

03 MAY 28 PM 2: 56

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

LUCRECIA ESTEVEZ,

Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

Defendant.
_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, EDUCATIONAL COMMISSION FOR FOREIGN

MEDICAL GRADUATES ("ECFMG"), by and through the undersigned counsel, and pursuant to

Rule 12(b), Fed. R. Civ. P., files this Motion to Dismiss Second Amended Complaint and

Incorporated Memorandum of Law, stating grounds as follows:

### FACTS

1.      Plaintiff is a United States citizen who attended medical schools abroad

(Second Amended Complaint, ¶¶ 8, 10, 19).  Plaintiff applied for certification from ECFMG, whose

function is to assess whether graduates of foreign medical schools are qualified for residency and

fellowship programs in the United States  (Second Amended Complaint, ¶¶ 11, 12).   ECFMG

certification is also necessary for completion of the three-step testing process of the United States

CASE NO. 02-22032-CIV-HUCK

Medical Licensing Examination (USMLE) (Second Amended Complaint, ¶ 13).  Plaintiff took the

USMLE Step 1 Basic Science Exam (Second Amended Complaint, ¶ 14).    Thereafter, ECFMG

advised Plaintiff that it was unable to verify her medical school diploma (Second Amended

Complaint, ¶ 14).   Because of "irregular behavior" Plaintiff was barred from taking the remaining

USMLE exams for a 10 year period (Second Amended Complaint, ¶¶ 18, 21).   Plaintiff appealed

this decision to the ECFMG Review Committee, but her appeal was rejected after an evidentiary

hearing, and Plaintiff's counsel attended and participated in the hearing (Second Amended

Complaint, ¶¶ 25, 27, 30).   Plaintiff alleges that her due process rights were violated by ECFMG'S

appellate process, which she characterizes as "fundamentally flawed."    (Second Amended

Complaint, ¶ 24).

## MEMORANDUM OF LAW

2.      The Second Amended Complaint attempts to state causes of action for violation

of procedural due process under the Fifth and Fourteenth Amendments of the United States

Constitution.   Plaintiff's final attempt to state a cause of action fails because she has not adequately

pled that ECFMG, a private corporation,  was a governmental actor for purposes of the Fifth and

Fourteenth Amendments.

3.      The standard for showing "state action" for purposes of the Fourteenth

Amendment and the standard for showing action "under color of state law" for purposes of 42 U.S.C.

§ 1983 are identical.   Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S.

288, 295 n.2 (2001).    Furthermore, the standards used for determining the existence of Federal

-2-

governmental action under the Fifth Amendment are identical to those used for finding state action under the Fourteenth Amendment. Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447 (1st Cir. 1982); Miller v. Harwood Apartments, Ltd., 689 F.2d 1239 (5th Cir. 1982).

4.      Before the Court can deem private parties to be governmental actors, the court must find that one of the following three conditions is met: (1) the Government has coerced or at least significantly encouraged the action alleged to violate the Constitution ("state compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the Government ("public function test"); (3) the Government had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). Rayburn v. Hogue, 241 F.3d 1341 (11th Cir. 2001). Plaintiff has not pled any of these three tests for Governmental action, and consequently the Second Amended Complaint fails to state a cause of action.[1]

5.      Only a few allegations set forth in the Second Amended Complaint are germane to whether ECFMG is a governmental actor.     Plaintiff alleges that ECFMG "[u]pon information and belief ... is an entity that serves as an arm of the United States Department of State. It has a long-standing agreement with the Department of State to serve in its stead for various functions regarding aliens and graduates from foreign medical schools, acting therein as and for the

---

[1] At oral argument on April 22, 2003, concerning the Motion to Dismiss the Amended Complaint, the Court specifically directed Plaintiff to plead one or more of the tests concerning "state action" in drafting the Second Amended Complaint.

CASE NO. 02-22032-CIV-HUCK

United States." (Second Amended Complaint, ¶ 9). Plaintiff further alleges that the "State of Florida also requires foreign medical graduates to have the ECFMG certification to obtain a license to practice medicine." (Second Amended Complaint, ¶ 13). Plaintiff also characterizes ECFMG'S internal appellate process as a "federal administrative proceeding" (Second Amended Complaint, ¶ 25).

### A. Fourteenth Amendment

6.      While Plaintiff fails to separate his Fifth Amendment and Fourteenth Amendment claims into separate counts, apparently the only basis for his Fourteenth Amendment claim is that the State of Florida requires ECFMG certification before graduates of foreign medical schools can obtain a license to practice medicine.   This fact is insufficient to render ECFMG a state actor.

7.      In Staudinger v. Educational Commission for Foreign Medical Graduates, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993), a case involving this Defendant, ECFMG, the court concluded that the Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983 had to be dismissed because the Plaintiff could not establish that ECFMG was a "state actor." Staudinger was an Austrian graduate of an Austrian medical school who was offered a residency at New York Medical College conditional on obtaining certification from ECFMG. The court first observed that the work performed by ECFMG, testing and certifying that foreign medical school graduates are qualified to practice medicine, does not fall within the narrow category of functions considered the exclusive province of the State. The court also noted that while state regulation or

-4-

CASE NO. 02-22032-CIV-HUCK

funding do not establish state action, the plaintiff had not even contended that the State of New York regulated or financed ECFMG.  Moreover, although New York State allowed private entities, such as hospitals, to defer to ECFMG'S certification decisions, Plaintiff did not assert that New York exercised coercive power or provided significant encouragement to ECFMG.   Likewise, in the instant case, there is no allegation that ECFMG'S functions of certifying whether Plaintiff was qualified to practice medicine in the United States were the exclusive province of the State of Florida, nor is there any allegation that Florida exercises coercive power over or provides significant encouragement to ECFMG.

8.      Numerous other decisions support a conclusion that the mere fact that Florida requires ECFMG certification of graduates of foreign medical schools does not transform ECFMG into a state actor.      Johnson v. Educational Testing Service, 754 F.2d 20 (1st Cir. 1985) (ETS was not state actor merely because nearly all law schools, including many state-operated law schools, required ETS' LSAT test for admission, and formulation, grading, and reporting of standardized tests was not an exclusive public function); Metzger v. National Commission on Certification of Physician Assistants, 2001 U.S. Dist. LEXIS 658 (E.D. Pa. 2001) (fact that NCCPA's certifications were relied upon by many states in licensing decisions did not warrant finding that NCCPA was a state actor, where it was a private organization receiving no financial support from the government, and operated on a completely independent basis).    Thus, Plaintiff fails to state a cause of action under the Fourteenth Amendment for violation of procedural due process.

-5-

CASE NO. 02-22032-CIV-HUCK

### B.   Fifth Amendment

9.      Plaintiff's Fifth Amendment claim is premised on the allegation that ECFMG

is acting as an arm of the U.S. Department of State in carrying out its functions.   Again, Plaintiff

has failed to plead any of the tests for state action–the state compulsion test, the public function test,

or the nexus/joint action test–warranting dismissal of this action.   The allegation that ECFMG is

acting as an arm of the Department of State, without more, is too insubstantial to meet the state

compulsion and nexus/joint action tests.   Indeed, the Courts have not found an entity to be a Federal

actor even where the nexus between the entity and the Federal government was substantially greater.

See  Remy v. Howard University, 55 F. Supp. 2d 27 (D.D.C. 1999) (University's Congressional

charter, substantial annual government appropriations, yearly inspections by the Secretary of

Education, and annual reports to Congress did not make University a state actor for purpose of Fifth

Amendment due process claim). Certainly, determining whether physicians are qualified to practice

medicine in the United States is not a traditional function of the Federal government, since

physicians are licensed on a state-by-state basis, and therefore ECFMG does not qualify as a Federal

actor under the public function test.   See Chapter 458, Fla. Stat.

10.      Most importantly, it should be noted that in the prior Amended Complaint,

Plaintiff specifically relied on 45 C.F.R. § 51.2 to support its contention that ECFMG was serving

as an arm of the Department of State (Amended Complaint, ¶ 8).   ECFMG'S Motion to Dismiss

the Amended Complaint and Reply in Support of Motion to Dismiss Amended Complaint explained

at length that this regulation and others relied upon by Plaintiff to support its contention that ECFMG

CASE NO. 02-22032-CIV-HUCK

acts as an arm of the Department of State pertain to an Exchange Visitor Program for <u>alien</u> physicians, who receive training in the United States and then are required to return to their home countries.   Since Plaintiff is a United States citizen, not an alien, ECFMG'S involvement in this particular Federal program is irrelevant to whether ECFMG is a governmental actor for purposes of this action.   Plaintiff has not cited to 45 C.F.R. § 51.2 or any other Federal regulation in the Second Amended Complaint, apparently conceding that these regulations are inapplicable, yet continues to allege that ECFMG is an arm of the Department of State, without any good faith basis for this allegation.   Thus, Plaintiff has failed to state a cause of action under the Fifth Amendment as well as the Fourteenth Amendment for violation of procedural due process.

WHEREFORE, Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, respectfully requests that this Court grant its Motion to Dismiss Second Amended Complaint.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Attorneys for Defendant
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade
Fax No. (954) 967-8577

BY:_____
Dale L. Friedman, Esquire
FLORIDA BAR NO. 854646
Mara Shlackman, Esquire
FLORIDA BAR NO. 0988618

-7-

CASE NO. 02-22032-CIV-HUCK

I certify that a copy hereof has been furnished to Jerome H. Shevin, Levey, Airan,

Bronstein, Shevin, Gables One Tower, Penthouse, 1320 S. Dixie Highway, Miami, FL  33146 (fax

# 305-661-6477) by mail on May 27, 2003.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade
Fax No. (954) 967-8577

BY: _____
     Dale L. Friedman, Esquire
     FLORIDA BAR NO. 854646
     Mara Shlackman, Esquire
     FLORIDA BAR NO. 0988618

DLF/MJS
16B7480.WPD
03.0526

-8-