027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-22032-CIV-HUCK
MAGISTRATE: Stephen T. Brown

03 JUL -7 PM 4: 23

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

LUCRECIA ESTEVEZ,

Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

COMES NOW, the Defendant, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG"), by and through the undersigned counsel, and pursuant to S.D.Fla.L.R. 7.1, files its Reply in Support of Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law, and states:

The Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint crystalizes the fact that the Plaintiff has not, and cannot, allege a cause of action against the Defendant. The Plaintiff's Response, like the Second Amended Complaint, fails to distinguish between the Plaintiff's alleged claims for violation of Fifth Amendment due process rights from her claims of violation of Fourteenth Amendment due process rights. The Plaintiff has not even addressed the Defendants arguments with respect to the Fourteenth Amendment relating to acts



CASE NO. 02-22032-CIV-HUCK

allegedly done as a "state actor" on behalf of the State of Florida.

As noted in Defendant's motion, the only allegation in regard to the Fourteenth Amendment is that the State of Florida requires ECFMG certification before graduates of foreign medical schools can obtain a license to practice medicine. *See* Second Amended Complaint, ¶13. This fact alone is not sufficient to state a cause of action against the Defendant under the Fourteenth Amendment. *See Staudinger v. Educational Commission for Foreign Medical Graduates*, 1993 U.S.Dist. LEXIS 5576 (S.D.N.Y. 1993)(testing and certifying foreign medical school graduates not within functions considered the exclusive province of the state); *Johnson v. Educational Testing Service*, 754 F.2d 20 (1st Cir. 1985)(grading and reporting standardized tests not exclusive public function); *Metzger v. National Commission on Certification of Physician Assistants*, 2001 U.S.Dist. LEXIS 658 (E.D. Pa.2001)(fact that NCCPA's certifications were relied upon by many states did not warrant finding that it was a state actor). Since the Plaintiff has not even attempted to address the Fourteenth Amendment issue in her Response, and since there are no other allegations that go to ECFMG's relationship with the State of Florida, any claims for violations under that amendment should be dismissed.

The Plaintiff's argument with regard to the Fifth Amendment claims is equally deficient. The Plaintiff argues that the allegations of the Second Amended Complaint meet the "nexus/joint action test" for determining when a private party is deemed to be a governmental actor. *See Rayburn v. Hogue*, 241 F.3d 1341 (11th Cir. 2001). The Plaintiff's argument consumes a number of pages but really boils down to Plaintiff's claim that the State Department somehow established

CASE NO. 02-22032-CIV-HUCK

ECFMG via federal regulation, 45 C.F.R. §51.2. *See* Response, p. 7. It should first be noted that the Second Amended Complaint contains absolutely no reference to this regulation, although the prior complaints did make such reference, and the Plaintiff only makes the argument in the Response memorandum. For that reason alone the claim should be dismissed since there is no other allegation as to how ECFMG is a governmental actor.

However, even if the Plaintiff had referenced 45 C.F.R. §51.2 in the Second Amended Complaint, that regulation does nothing to assist the Plaintiff's argument. As already noted in much detail in the current and prior motions to dismiss filed by ECFMG, 45 C.F.R. §51.2 regulates the Exchange Visitor Program for alien physicians who receive training in the United States and then are required to return to their home countries. Clearly, this regulation has no application to the Plaintiff or the present situation since the Plaintiff is a United States citizen who received training outside the United States, the exact opposite of the situation governed by the regulation.

Furthermore, if one assumed for sake of argument only that this regulation did relate to ECFMG, and that somehow ECFMG was a governmental actor in regulating alien physicians that receive training in the United States, this does not mean ECFMG becomes a governmental actor for all other purposes. The Eleventh Circuit has addressed the necessity that a finding of state action under the "nexus/joint action" test be related to the conduct complained of by the Plaintiff, not a generalized relationship. *See Rayburn,* 241 F.3d at 1347-8. In *Rayburn,* the court described the relevant inquiry under the "nexus/joint action" test as whether the State has so far insinuated itself into a position of interdependence with the private parties that it was a joint enterprise. *Id* at 1348

citing *NBC, Inc. v. Communications Workers of America,* 860 F.2d 1022, 1026-27 (11th Cir. 1988). The governmental body and private party must be intertwined in a "symbiotic relationship" in order to charge the private party with state action. *Rayburn,* 241 F.3d at 1348.

More importantly, the symbiotic relationship must involve the "specific conduct of which the plaintiff complains." *Id. citing American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 51 (1999). The Eleventh Circuit further stated:

> [i]f a thread of commonality is to be drawn from the various forms in which [S]tate action can manifest itself through the conduct of private parties, it is that attribution is not fair when bottomed solely on a generalized relation with the [S]tate. Rather, private conduct is fairly attributable only when the [S]tate has had some affirmative role, albeit one of encouragement short of compulsion, *in the particular conduct underlying claimant's civil rights grievance.*

*Rayburn,* 241 F.3d at 1348 (citations omitted)(emphasis in original). Accordingly, even if for sake of argument ECFMG does regulate alien physicians who are trained inside the United States pursuant to 45 C.F.R. §51.2, this is entirely separate conduct from the Plaintiff's grievance which involves a United States citizen trained outside the United States. Therefore, the regulation is irrelevant to the determination of state action in this case and the Plaintiff's Second Amended Complaint should be dismissed with prejudice.

Finally, the Plaintiff suggests that she is unable to get the information from the State Department under the Freedom of Information Act that would establish ECFMG as a state actor. *See* Response, p. 3. That has nothing to do with ECFMG and suggests that the Plaintiff did not have sufficient facts to file this suit as required by Rule 11 of the Federal Rules of Civil Procedure, yet

CASE NO. 02-22032-CIV-HUCK

another reason the case should be put to rest.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to Jerome H. Shevin, Levey, Airan, Bronstein, Shevin, Gables One Tower, Penthouse, 1320 S. Dixie Highway, Miami, FL 33146 (fax # 305-661-6477) by mail on July 3, 2003.

>
> CONROY, SIMBERG, GANON,
> KREVANS & ABEL, P.A.
> Attorneys for Defendant
> 3440 Hollywood Boulevard
> Second Floor
> Hollywood, Florida 33021
> (954) 961-1400 Broward
> (305) 940-4821 Dade
> Fax No. (954) 967-8577
>
> BY: _/s/ Dale Friedman_
>  Dale L. Friedman, Esquire
>  FLORIDA BAR NO. 854646
>  Brian P. Knight, Esquire
>  FLORIDA BAR NO. 993662

BPK
17A2868.WPD
03.0703