UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

LUCRECIA ESTEVEZ,

    Plaintiff

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF
SECOND AMENDED COMPLAINT**

COMES NOW, the Plaintiff, LUCRECIA ESTEVEZ, by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and hereby files her Response to Defendant's Reply which seeks dismissal of Plaintiff's Second Amended Complaint as follows:

1. On July 3, 2003, Defendant filed its Reply in Support of Motion to Dismiss Second Amended Complaint and served Plaintiff by U.S. mail on that same date.

2. In its Reply, Defendant does not raise any new issues nor take positions that had not already been addressed.

3. Plaintiff's constitutional claim that her Fifth Amendment rights were violated has been properly pled and is a claim recognized under the United States Constitution. There is a sufficiently pled connection between the errors and omissions of the Defendant, as an entity functioning under and with the

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

United States government, to state a cause of action sufficient to withstand Defendant's Motion to Dismiss. ECFMG serves a public function and is in existence to regulate, among other governmental affairs, alien physicians such as Plaintiff, who has been treated as such by ECFMG, and who is also a United States citizen. Other evidence of state action has been previously proffered.

4. Plaintiff has sufficiently pled that Defendant, which operates in the state of Florida and throughout the country, is a federal actor. In fact, Defendant admits that there is an agreement between Defendant and the federal government. Defendant and United States government's failure to disclose the long-standing agreement cannot be used as a basis to defeat Plaintiff's right to continue her suit at this stage. Defendant cannot use secrecy as a sword to defeat the right of Plaintiff to maintain her claims against Defendant.[1] Plaintiff has also sufficiently pled a claim under the Fourteenth Amendment.

5. As the party moving to dismiss, Defendant has the burden to show that there is no administrative Agency that wrongfully denied Plaintiff her due process rights. Defendant has failed to satisfy its burden of proof at the pleading stage and the motion to dismiss should be denied.

6. Although Defendant spends considerable time in its battery of motions

---

[1] Plaintiff learned, in her repeated written and oral requests to the United States Information Agency, that the agreement itself has never been made public and that ECFMG would have to be notified of the request to apparently agree to its release into the public.

-2-

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

dwelling on certain portions of the Code of Federal Regulations, Defendant's argument is not persuasive. 45 C.F.R. 51.2, for example, is "evidentiary support for the allegation that the entire ECFMG organization, taken as a whole, has a close-enough nexus with the Federal government to be deemed a state actor for purposes of Plaintiff's constitutional claims." (See ¶4, Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint, and Incorporated Memorandum of Law) Indeed, Defendant appears to concede the relevancy of 22 C.F.R. 62.27. The Reply's tortured treatment of the Code indeed illustrates the tangled relationship between the federal government and ECFMG. Defendant's cite to 45 C.F.R. 51.2 evidences its confusion as to the state actor test used by Plaintiff (p.4, Defendant's Reply in Support of Motion to Dismiss Second Amended Complaint). Instead, the 'specific conduct' of which the plaintiff complains, deals with the government authorized powers to regulate alien physicians, or anyone treated by ECFMG as an alien physician. (See Id.) The Plaintiff was improperly treated as an alien physician by ECFMG. Further, Plaintiff's status as a United States citizen strengthens her claims to protection under the United States Constitution. Her procedural due process rights were violated, as alleged in the Second Amended Complaint, by the nominally private but sufficiently state-related ECFMG, which at all levels of its internal processes, acts under powers granted by the federal government.

7. As to the cases cited again by the Defendant in its latest Reply, Plaintiff distinguished them in her response in opposition. Again, the facts of Staudinger do not support Defendant's position, and the claims brought by

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

the plaintiff in that case are different from the instant case. The plaintiff in Staudinger did not make a Fifth Amendment deprivation claim and argued that there was a nexus between the state of New York and ECFMG; Plaintiff Estevez is claiming that here there is a sufficient nexus between ECFMG and the federal government. Plaintiff in Staudinger did not allege procedural due process abuses, which Staudinger suffered at the hands of the Agency. Plaintiff in Staudinger was not a United States citizen with the protections afforded thereto, while Estevez is a United States citizen. Staudinger v. Educational Commission for Foreign Medical Graduates, 1993 U.S. Dist. LEXIS 5576 (S.D.N.Y. 1993) (See, for example, ¶3, Plaintiff's Reply Memorandum to Defendant's Motion to Dismiss Second Amended Complaint, and Incorporated Memorandum of Law). Furthermore, while the state actor test in Langston v. ACT, 890 F. 2d 380 (11th Cir. 1985) is relevant, the facts of the case are distinguishable, in part that the Defendant was a mere testing agency with no elaborate administrative procedures and no direct agreement with or fiat from the federal government, thus allowing the present action to go forward. (See ¶3, p.5, Plaintiff's Reply Memorandum to Defendant's Motion to Dismiss Amended Complaint). Plaintiff has also addressed Johnson v. Educational Testing Service, 754 F. 2d 20 (1st Cir. 1985), which does not support Defendant's attempt to prevent this just action from going forward. In Johnson, the plaintiff's failed state action argument was based on facts that the LSAT, which was administered by the Educational Testing Service, was used by most law schools and that the Educational Testing Service had a contract with a council. However, the Educational Testing Service has been found to be a state actor, for example

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

where the entity held the power of the administration of licensing. <u>Martin v. Educational Testing Service</u>, 431 A. 2d 868 (N.J. Ch. Div. 1981) (See ¶24, 25, 26 Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint, and Incorporated Memorandum of Law). Other cases relied upon by Defendant are equally insufficient, as has been shown previously several times, to defeat the Plaintiff's right to maintain her claims set forth in the Second Amended Complaint.

8. Plaintiff has responded to the Court's concerns set forth during the hearing held on April 22, 2003. The Court requested that the parties further address the test of state action. (P. 3, Transcript of 4/22/03 hearing before the Honorable Paul Huck). While Plaintiff had cited to two tests previously, Plaintiff understood the Court's instruction to mean that one test should be chosen. Plaintiff has identified the 'nexus/joint action' test as relevant to her action. <u>Langston v. American College Testing Program</u>, 890 F. 2d 380, 384 (11th Cir. 1989). (See¶ 12, 13, 14, 15 Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint, and Incorporated Memorandum of Law). Several Supreme Court cases support the contention that Defendant ECFMG was a state actor in its capacity as the Agency overseeing Plaintiff's physician certification process. <u>Lebron v. National Railroad Passenger Corp.</u>, 513 U.S. 374 (1995) (Court holding that where a government creates a corporation by law, such corporation may be an agency of the government charged with constitutional responsibilities; by the preponderance of the evidence, ECFMG has been created by the Federal Government to carry out functions as specified by the Code of Federal

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

Regulations and likely its special agreement with the United States Department of State (See ¶1, Plaintiff's Supplemental Memorandum of Law in Support of Amended Complaint) and <u>Lugar v. Edmonson Oil Co., Inc</u>, 457 U.S. 922 (1982) (defendant-private company held to be a state actor because of its connection with the government and its flawed statute-based procedural scheme, which deprived that plaintiff of his constitutional rights) (<u>See</u> ¶16, Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint, and Incorporated Memorandum of Law).

9. The Court requested a more concise Complaint. Plaintiff responded by stating the relief requested and her constitutional claims more precisely in the Second Amended Complaint (<u>See</u> ¶5, 6, 34 Second Amended Complaint). Plaintiff also narrowed and specified the factual bases for her claims.

10. The Court also directed Plaintiff to determine if substantive due process, procedural due process, or both were the bases for the claims of constitutional deprivations. (p. 2, Transcript.....) Plaintiff has asserted that her procedural due process rights were violated. (<u>See</u> Second Amended Complaint)

11. In conclusion, the Plaintiff has stated cognizable claims in her Second Amended Complaint and there is no legal basis to dismiss the now pending Second Amended Complaint. Plaintiff requests the Court to deny Defendant's Motion to Dismiss its Second Amended Complaint, and permit this case to proceed on its merits.

CASE NO.: 02-22032-CIV-HUCK/TURNOFF

Respectfully Submitted,

**Jerome H. Shevin, P.A.**
Levey, Airan, Brownstein, Shevin,
 Friedman, Roen & Kelso LLP
Attorneys for the Plaintiff
Gables One Tower, Penthouse 1275
1320 S. Dixie Highway
Miami, Florida 33146
Telephone: (305) 661-6664

By: _____
Jerome H. Shevin
Fla. Bar No. 097952

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was furnished via fax and U.S. Mail this 22nd day of July, 2003 to: **Dale L. Friedman, Esq.**, Attorney for Defendant, Conroy, Simberg, Ganon, Krevans & Abel, P.A., 3440 Hollywood Boulevard, 2nd Floor, Hollywood, Florida 33021.

By: _____
Jerome H. Shevin