027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 02-22032-CIV-HUCK

LUCRECIA ESTEVEZ,

    Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR CONTINUANCE OF TRIAL

Defendant, Educational Commission for Foreign Medical Graduates ("ECFMG"), through the undersigned attorneys, moves this Honorable Court for the continuance of the trial of this matter presently scheduled to commence during the two-week calendar beginning January 26, 2004, and states as follows:

1. This claim was initially filed on July 10, 2002, but service of process did not occur until November 5, 2002, nearly four months later.

2. In response to the Complaint, the Defendant filed its Motion to Dismiss, which was granted by this Court on December 30, 2002, with leave to amend on or before January 13, 2003. Although the Plaintiff did file her Amended Complaint on January 13, 2003, no copy of it was received by the Defendant's counsel at that time, and Defendant only learned of the existence of the document of January 29, 2003, by viewing PACER. Accordingly, an enlargement of time was granted until February 14, 2003, at which time the Defendant against moved to dismiss the claim. In response to that motion, the Plaintiff requested leave to file a Second Amended Complaint, which was granted on April 22, 2003.



CASE NO. 02-22032-CIV-HUCK

3.    The Second Amended Complaint was filed on May 9, 2003. The Defendant filed its Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law on May 27, 2003. The Plaintiff filed its response to that motion on June 19, 2003, and (after an enlargement of time was granted), the Defendant filed its Reply Memorandum on July 3, 2003.

4.    At this time, the Motion to Dismiss Second Amended Complaint remains pending before this Court. Accordingly, the Defendant has not yet filed an Answer and Affirmative Defenses.

5.    Furthermore, the Defendant has not yet undertaken discovery, primarily because the Court's ruling on the pending Motion to Dismiss will guide the discovery process to a greater extent than would be the case under other circumstances. The Plaintiff's pleadings have twice been dismissed or withdrawn in the face of a motion to dismiss, and the Second Amended Complaint does not appear to have corrected the defects of its predecessor pleadings. Accordingly, it is anticipated that the Court will either grant the pending motion or will identify in its ruling some particular issue which prevents dismissal at this time, thereby focusing the parties' attention to an issue upon which discovery is needed in order to set up dispositive motions.

6.    The Plaintiff has also undertaken no discovery in this case, and has also made no effort to arrange the exchange of disclosures under Fed. R. Civ. P. 26.

7.    This case has twice been continued from previous trial calendars.

a.    On January 28, 2003, this Court scheduled the case for trial on a calendar commencing October 20, 2003. That trial setting was continued for four weeks, to the two-week period commencing November 17, 2003, because the Defendant's lead counsel was schedule for hip replacement surgery.

b.    In May 2003, the Defendant filed its Second Motion to Continue Trial and All Pretrial Deadlines, which included the following grounds:

-2-

3. Because Plaintiff's first two complaints did not clearly set forth a cognizable cause of action, Defendant has not been able to proceed with discovery in this action. Moreover, the pleadings are not yet closed, and the Second Amended Complaint may be the object of another motion to dismiss. Indeed, there is a reasonable likelihood that Plaintiff will be unable to state a cause of action in the Second Amended Complaint. In the interests of judicial economy, to avoid superfluous discovery in a case that may conclude at the pleadings stage, Defendant requests that this Court grant a second ninety (90) day continuance of the trial and all pretrial deadlines.

The same conditions which supported the second continuance are still present.

8. In addition, the Defendant's lead counsel is also lead counsel for Defendants, Florida Yacht Brokers' Association and Barbara Tierney in *Buc International Corp., v. International Yacht Counsel, Ltd., et al.*, Case No. 02-60772 CIV-DIMITROULEAS, a complex case which is set for trial on December 8, 2003, and for which there is a discovery cut off of September 12, 2003. Substantive pretrial motions on the *Buc International* case are due by September 26, 2003. Accordingly, lead counsel, Dale L. Friedman, Esquire, is not available to participate in discovery in this case until late September 2003. Further complicating matters is the impending departure from the undersigned law firm of the associate who is assisting Ms. Friedman in the *Buc International* case.

9. Based on the grounds set forth above, the Defendant requests that this Court continue the trial of this case for an additional 90 days from January 26, 2004, and further requests that all pretrial deadlines be reset in accordance with that requested trial date.

10. This continuance is requested in good faith, and is not intended for purposes of delay, but is intended solely for the reasons set forth herein.

CASE NO. 02-22032-CIV-HUCK

11. In compliance with Local Rule 7.6, the Affidavit of Edward S. Polk is submitted herewith.

WHEREFORE, the Defendant respectfully requests that this Court grant a continuance of the trial and all pretrial deadlines, for an additional 90 days.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)(a)

The undersigned counsel has attempted to contact counsel for the Plaintiff by placing numerous telephone calls for more than a week, and leaving messages requesting a return call, but has not been able to speak with the Plaintiff's counsel to discuss this matter, or to determine whether the Plaintiff will consent to a further continuance of the trial date. Counsel will continue the effort to reach Plaintiff's counsel, and will promptly report to this Court the results of any successful contact.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Venture Corporate Center I
Second Floor
3440 Hollywood Blvd.
Hollywood, Florida 33021
(954) 961-1400 (Broward)
(305) 940-4821 (Dade)
(954) 967-8577 (Fax)

By: _____
Dale L. Friedman
Florida Bar No. 854646
Edward S. Polk
Florida Bar No. 239860

CASE NO. 02-22032-CIV-HUCK

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been furnished to Jerome H. Shevin, Esq., of Levey, Airan, Bronstein, Shevin, Gables One Tower, Penthouse, 1320 S. Dixie Highway, Miami, FL 33146 by U.S. Mail and Via Facsimile on September 2nd, 2003.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Venture Corporate Center I
Second Floor
3440 Hollywood Blvd.
Hollywood, Florida 33021
(954) 961-1400 (Broward)
(305) 940-4821 (Dade)
(954) 967-8577 (Fax)

By: _____
Dale L. Friedman
Florida Bar No. 854646
Edward S. Polk
Florida Bar No. 239860

18N9698.WPD
03.0829

027606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-22032-CIV-HUCK

LUCRECIA ESTEVEZ,

    Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.
_____/

### AFFIDAVIT IN SUPPORT OF MOTION FOR CONTINUANCE

STATE OF FLORIDA    )
                                ) SS:
COUNTY OF BROWARD  )

    BEFORE ME, this date personally appeared Edward S. Polk, who states as follows:

    1.    His name is Edward S. Polk, and his business address is 3440 Hollywood Blvd., Second Floor, Hollywood, Florida 33020. He is one of the attorneys of record for the Defendant in the above-styled claim.

    2.    This Affidavit is based on personal knowledge.

    3.    The facts and circumstances set forth in the Defendants' Motion for Continuance of Trial, which this Affidavit accompanies, are true and correct.

    FURTHER AFFIANT SAYETH NAUGHT.

                                            _____
                                            Edward S. Polk

SWORN TO AND SUBSCRIBED before me this ___ day of September, 2003.

                                            _____
                                            NOTARY PUBLIC
                                            Denise A. Demarais
                                            My Commission Expires:
                                            (Print, Type or Stamp Commissioned Name)

Personally Known ☒ OR Produced Identification ☐
Type of Identification Produced: _____

DENISE A. DEMARAIS
COMMISSION # DD 067553
EXPIRES December 6, 2005
BONDED THRU ARY F. Notary Service & Bonding, Inc.